J-A03011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT ANTONELLO CLARK | |
| Appellant | No. 218 MDA 2013 |

Appeal from the Judgment of Sentence April 3, 2012
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000490-2009
CP-66-CR-0000491-2009
CP-66-CR-0000492-2009

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.:     **FILED SEPTEMBER 03, 2014**

Appellant, Vincent Antonello Clark, appeals from the judgment of sentence entered by the Honorable Russell D. Shurtleff, Court of Common Pleas of Wyoming County. After careful review, we affirm.

In January 2009, the Commonwealth charged Clark with various crimes arising from allegations that he had, over a three year period, sexually assaulted his children, all under the age of 8 at the relevant times, and his nieces, all under the age of 11 at the relevant times. Trial on the charges commenced on December 12, 2011. Ultimately, the jury found Clark guilty on all charges, and on April 3, 2012, the trial court sentenced

---

[*] Retired Senior Judge assigned to the Superior Court.

Clark to an aggregate term of imprisonment of 50 to 100 years. Clark filed timely post-sentence motions, which the trial court denied *via* order dated December 12, 2012. This timely appeal followed.

On appeal, Clark raises the following issues for our review:

1. Were Appellant's rights under the speedy trial provisions of Pa.R.Crim.P. 600 violated where trial in the instant case commenced after the mechanical run date under Rule 600 and where the Commonwealth failed to show the exercise of due diligence in bringing Appellant to trial?
2. Did the trial court err in failing to provide standard jury instruction 4.13A regarding prompt report of sexual offenses when Appellant was charged in engaging in prohibitive sexual contact with minor children from 2006 through January of 2009 and where said alleged victims first reported said sexual assaults in January 2009?
   a. In refusing to provide the requested jury instruction, did the trial court usurp the jury's function in assessing the credibility of the complaining witnesses?
3. Did the lower court err by granting Appellee's request over Appellant's objection to admit evidence of Appellant's alleged prior crimes, wrongs or bad acts pursuant to Pa.R.E 404(b) where said evidence did not reflect on Appellant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident?
   a. Was the probative value of said evidence outweighed by the prejudice engendered by the introduction of the same?
4. Did the trial court err in allowing the Commonwealth to introduce hearsay statements of the minor complaining witnesses under the "tender years exception" of the hearsay rule, 42 Pa.C.S.A. § 5985.1 where the court failed to evaluate the complaining witnesses' hearsay statements prior to their admission as statutorily required?
5. Did the trial court err in failing to enforce a subpoena served by Appellant upon the Victim's Resource Center seeking confirmation that a complaining witness, [], while in Sexual abuse counseling, failed to reveal an ongoing sexual assault allegedly perpetuated by Appellant?

Appellant's Brief, at 6-7.

In his first issue on appeal, Clark contends that the trial court erred in concluding that his right to a speedy trial had not been violated. Our standard of review in evaluating Rule 600 issues is "whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*) (citations omtted). The scope of review "is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court." *Id*. *(citation omitted)*. "[A]n appellate court must view the facts in the light most favorable to the prevailing party." *Id*. at 1239 (citation omitted).

When considering a trial court's ruling, we must consider the equally important purposes served by Rule 600, "(1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Id*. The dual purposes of Rule 600 are further described as follows.

> In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Id*. (citations and brackets omitted)

In cases such as this one, Rule 600[1] requires the Commonwealth to bring a defendant to trial within one year of the filing of the criminal complaint. *See* Pa.R.Crim.P., Rule 600(A)(3). Charges shall be dismissed under Rule 600 where a defendant on bail is not brought to trial within 365 days of the date on which the criminal complaint against him is filed. *See Commonwealth v. Dixon*, 589 Pa. 28, 37, 907 A.2d 468, 474 (2006). *See also* Pa.R.Crim.P., Rule 600(A)(3) (trial "shall commence no later than 365 days from the date on which the complaint is filed."). Rule 600, however, specifically contemplates that certain periods of time shall be excluded in calculating compliance with the rule. Rule 600 provides, in pertinent part, the following:

> (C) In determining the period for commencement of trial, there shall be excluded therefrom:
> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
> (2) any period of time for which the defendant expressly waives Rule 600;
> (3) such period of delay at any stage of the proceedings as results from:
> (a) the unavailability of the defendant or the defendant's attorney;
> (b) any continuance granted at the request of the defendant or the defendant's attorney.

---

[1] Prior Rule 600 was rescinded on October 1, 2012, and new Rule 600 was made effective on July 1, 2013. *See* 42 Pa.B. 6622. Since Prior Rule 600 was in effect during the trial court's decision, our analysis will focus on that version of the Rule.

Pa.R.Crim.P., Rule 600(C).

Furthermore, even where a Rule 600 violation occurs, a motion to dismiss should be denied where "excusable delay" occurs. "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." **Commonwealth v. Jones**, 886 A.2d 689, 700 (Pa. Super. 2005) (citation omitted).

Here, the controlling criminal complaints were filed on January 17, 2009, and January 29, 2009. On February 5, 2010, the Commonwealth placed the cases on the criminal trial list for the week commencing February 22, 2010. On February 12, 2010, Clark filed an omnibus pretrial motion, which included a motion to dismiss pursuant to Rule 600, a request for additional discovery, and a motion to compel the filing of a bill of particulars. In response to the filing of the omnibus pretrial motion, the trial court scheduled a hearing on the motion for March 26, and continued the trial until April 19, 2010.

On appeal, Clark concedes that 53 days of the relevant time period were chargeable to him based upon a request for a continuance of the preliminary hearing. **See** Appellant's Brief, at 27. As such, trial should have been held before 418 days had elapsed from the filing of the complaints. Under this calculation, trial should have been held by March 11, 2010 on the complaint filed January 17, 2009, and by March 23, 2010, for the complaints

filed on January 29, 2009. Clark asserts since the hearing on his omnibus pretrial motion was not held until March 26, 2010, Rule 600 was violated. Clark does not argue that any subsequent time periods are chargeable against the Commonwealth.

A "defendant is unavailable for trial … if a delay in the commencement of trial is caused by the filing of the pretrial motion" and therefore the time between the filing of the motion and its resolution is excludable under Rule 600. *Commonwealth v. Hill*, 558 Pa. 238, 254, 736 A.2d 578, 587 (1999). Here, Clark's omnibus pretrial motion clearly delayed the trial, which was on the trial list for February 22, 2010. Furthermore, as noted above, Clark does not argue that any time after the hearing on his omnibus pretrial motion is relevant to the calculation under Rule 600. As such, the appropriate end date for the Rule 600 calculation is February 12, 2010, when Clark filed his omnibus pretrial motion. Since this date was prior to the calculated dates of March 11 and March 23, 2010, Clark's first issue on appeal merits no relief.

In his second issue, Clark argues that the trial court erred in refusing to provide the jury with standard jury instruction 4.13A regarding prompt report of sexual offenses. Our scope and standard of review of this issue is as follows:

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court

presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (internal citations, quotation marks, and brackets omitted), *appeal denied*, 835 & 836 MAL 2013 (Pa. April 2, 2014).

The prompt complaint instruction is premised upon the belief that a victim of a sexual assault would reveal at the first available opportunity that an assault occurred. *See id*. The instruction permits a jury to discredit a complainant's testimony when he or she did not complain at the first available opportunity. *See id*. "However, there is no policy in our jurisprudence that the instruction be given in every case." *Id*.

The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim. For instance, where an assault is of such a nature that the minor victim may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication.

*Id*. (internal citations and quotation marks omitted).

In this case, the trial court engaged in a thorough analysis of the age and condition of each victim. In refusing to give the prompt complaint instruction, the court concluded that "the minor victims' ages together with the testimony of record regarding the violent and numerous threats made to these children if they disclosed what was happening certainly constitute a 'reasonable explanation' for the delay in disclosing Clark's wrongdoing." Trial Court Opinion, 2/14/2013, at 9. Our review of the record finds abundant support for the trial court's findings. As such, we cannot conclude that the trial court committed an abuse of discretion or an error of law in refusing to give the prompt complaint instruction. Clark's second issue on appeal merits no relief.

Next, Clark argues that the trial court erred by admitting evidence of prior alleged crimes committed by Clark. We note that

> the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice.

*Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted). It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955

A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). Rule 404(b)(2) provides that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Pa.R.E., Rule 404(b)(2). Rule 404(b)(3), however, mandates that other crimes, wrongs, or acts evidence "may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E., Rule 404(b)(3). ***See also Russell***, 938 A.2d at 1092. "'Unfair prejudice' supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." ***Commonwealth v. Wright***, 599 Pa. 270, 325, 961 A.2d 119, 151 (2008).

"The function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value and it is not for an appellate court to usurp that function." ***Commonwealth v. Parker***, 882 A.2d 488, 492 (Pa. Super. 2005), ***aff'd on other grounds***, 591 Pa. 526, 919 A.2d 943 (2007). The law "does not require a court to sanitize a trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural

development of the events and offenses for which the defendant is charged." *Commonwealth v. Page*, 965 A.2d 1212, 1220 (Pa. Super. 2009) (citing *Commonwealth v. Dillon*, 592 Pa. 351, 366, 925 A.2d 131, 141 (2007)).

Here, the Commonwealth filed a notice of its intent to present testimony of sexual assaults committed by Clark against the victims in various locations, including New Jersey. The Commonwealth argued that the jury should be permitted to consider the evidence presented in any one of the cases against Clark in the other cases. The Commonwealth contended that all of the evidence of sexual assaults were admissible to show a common scheme. After a hearing on the issue, the trial court ruled that evidence of sexual assaults on the victim witnesses in the trial would be admissible, while evidence of sexual assaults of non-testifying victims would be limited to impeachment of Clark's character, if the issue was raised.

Clark argues that the trial court erred as the evidence of prior sexual assaults did not meet any of the purposes set forth in Rule 404(b). However, the trial court held that this evidence was evidence of a common scheme: "[t]he assaults on these unfortunate victims occurred in similar geographic locations, in a similar manner and they represent a common scheme whereby Clark would get the children alone, or together, and assault them." Trial Court Opinion, 2/14/13, at 10. We conclude that the trial court's reasoning is eminently reasonable and therefore it did not abuse its

discretion in admitting evidence of prior sexual assaults against the victim witnesses.

In the alternative, Clark argues that the Commonwealth's notice of intent to present evidence of prior bad acts was untimely. In this argument, Clark contends that the four months between the notice and trial was insufficient to permit him to investigate the allegations of crimes in another state. The trial court concluded that four months was sufficient time to investigate the allegations. In the absence of any other allegation or evidence, we agree with the trial court. Four months represents sufficient time to investigate the issues raised by the Commonwealth in its notice. Accordingly, Clark's third issue on appeal merits no relief.

In his fourth issue, Clark claims that the trial court erred in permitting the Commonwealth to present hearsay statements of the minor victims at trial. The Tender Years Exception to the Hearsay Rule provides that an out of court statement of a minor victim or witness regarding, among others, a crime of sexual assault, is admissible if:

> (1) The court finds in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statements provided sufficient indicia of reliability; and (2) the child either (i) testifies at the proceeding; or (ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1.

Here, Clark argues that the trial court failed to hold an *in camera* hearing to determine if the hearsay testimony had sufficient indicia of

reliability. A review of the record indicates that there was no *in camera* hearing on the reliability of the hearsay statements. However, the record also indicates that Clark did not challenge the reliability of the statements under the Tender Years Exception; rather, Clark requested an *in camera* competency hearing on the witnesses. **See** Motion In Limine, filed 8/17/2011, at ¶ 20; N.T, Hearing, 8/18/2011, at 8-9. After setting forth the parameters for the competency hearing, the trial court asked if the parties were in agreement. Counsel for Clark responded, "Yes, Judge." N.T., Hearing, 8/18/2011, at 9.

A hearing under the Tender Years Exception statute is not the equivalent of a competency hearing. **See Commonwealth v. Walter**, 93 A.3d 442, 451 (Pa. 2014). Furthermore, the statute requires a party to give notice, including details of the proffer, that it intends to present hearsay evidence under the exception. **See** 42 Pa.C.S.A. § 5985.1(b). The purpose of the notice requirement is to "provide the adverse party with a fair opportunity to meet the statement." **Id**.

Clark argues that the statute requires an *in camera* hearing before the trial court may admit a hearsay statement pursuant to the Tender Years Exception. However, we conclude that, so long as the notice provision is satisfied, it is incumbent upon the adverse party to identify and object to any issue with the proposed testimony. The trial court is not required to hold an *in camera* hearing on any issue under the statute unless the adverse

party raises it. As noted, Clark did not request a hearing or determination on the reliability of the out-of-court statements. Thus, the trial court was not required to have a hearing on the issue. Accordingly, we conclude that Clark's fourth issue merits no relief on appeal.

In his fifth and final issue on appeal, Clark argues that the trial court erred in denying his motion to compel compliance with a subpoena to a victim counseling center regarding statements made by one of the victims in this case. The trial court denied the motion to compel, holding that the request was barred by the sexual assault counselor privilege. "The privilege created by 42 Pa.C.S. § 5945.1 is an absolute privilege, which is not overcome even by the constitutional rights of a criminal defendant." ***V.B.T. v. Family Services of Western Pennsylvania***, 705 A.2d 1325, 1329 (Pa.Super. 1998) (citations and footnote omitted). Clark contends that he was not seeking disclosure of communications between the victims and a counselor; he was rather seeking "confirmation of the fact that those complaining witnesses in counseling failed to mention ongoing sexual assault perpetrated against them by Appellant." Appellant's Brief, at 46.

We conclude that Clark's proffered distinction is of no import in applying the privilege. No information regarding a victim's statements to a sexual assault counselor is permitted to be disclosed. This bright-line rule protects the important social policies undergirding the privilege, makes application of the privilege straightforward, and avoids accidental disclosures

that might occur while parties attempt to define what information about the statements is protected by the privilege. Thus, we conclude that Clark's final issue on appeal merits no relief.

As we conclude that none of Clark's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2014