907 A.2d 468
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Adonica Sipe DIXON, Appellant.**

**No. 142 MAP 2005.**

Supreme Court of Pennsylvania.

Argued May 10, 2006.

Decided Sept. 27, 2006.

Randy Paul Brungard, Esq., Lock Haven, for Adonica Sipe Dixon.

Lori A. Rexroth, Esq., Merritt E. McKnight, Esq., Williamsport, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice BAER.

Adonica Sipe Dixon (Appellant) seeks our review from the denial of her petition for release on nominal bail pursuant to

Pa.R.Crim.P. 600(E)[1] after she was held in pretrial confinement for more than 180 days. On appeal, the Superior Court affirmed the trial court, holding that an interlocutory appeal taken by the Commonwealth in the underlying case furnished a basis for extension of the 180-day time limit in accord with our decision in *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12 (1998), which discussed the 365-day time limit set forth in Pa.R.Crim.P. 600(G).[2] We find Rule 600(G) and the *Matis* discussion inapposite, and, for the following reasons, reverse.

On February 5, 2004, authorities in Clinton County filed a criminal complaint charging Appellant with rape and numerous sexual offenses against her sons, who were seven and eight at the time of the alleged incidents.[3] Appellant was

1. Pa.R.Crim.P. 600(E) provides that:
 No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above (relating to exclusions from calculation of period for commencement of trial). Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

2. Rule 600(G) in applicable part provides:
 For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.
 If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.
 Pa.R.Crim.P. 600(G)

3. Before criminal charges were filed, Appellant's parental rights were involuntarily terminated, and in 2001, the boys were adopted by a military family who lived in Pennsylvania until eventually moving to Texas, where they currently reside. Sadly, the boys, now fourteen and fifteen years old, live in a residential treatment facility in Austin, where they are being treated for numerous psychological and behavioral problems.

arrested, incarcerated, and arraigned on February 19, 2004, with bail originally set at $500,000.00 cash and later reduced to $250,000.[4] Unable to procure funds to post bail, Appellant remained incarcerated until her trial.[5]

Prior to trial, the Commonwealth sought leave to introduce the victims' testimony at trial *via* videotape, claiming that the boys' ability to explain what occurred would be substantially impaired if they were compelled to face their mother in open court. The trial court initially granted the Commonwealth's motion. However, after viewing a videotape the Commonwealth used at the preliminary hearing, the trial court found that testifying in the Appellant's presence would not cause the boys such serious emotional distress that they could not reasonably communicate at trial. Consequently, on July 27, 2004, the trial court vacated its prior order, necessitating the boys' presence at Appellant's trial.

The Commonwealth filed a motion for reconsideration of the July 27, 2004 order, which was denied. Subsequently, on August 5, 2004, the Commonwealth filed a notice of appeal to the Superior Court, challenging the trial court's ruling denying the introduction of the videotape.[6] Eventually, the Superior Court affirmed the trial court in an unpublished memorandum decision filed on April 13, 2005.

On August 16, 2004, while the Commonwealth's appeal was pending and approximately 180 days after Appellant's initial

4. Apart from the obviously heinous nature of Appellant's acts, the record does not reveal the trial court's rationale for setting bail at $500,000.00. *See* Pa.R.Crim.P. 523(A)(1) (setting forth the criteria to be used in establishing bail, and directing consideration of the nature of the offense). The Commonwealth has never alleged that Appellant poses risk of flight or is a danger to society at large.

5. Appellant was eventually tried and convicted. She was sentenced on October 17, 2005, to a period of twenty-two to eighty years of incarceration. As of this writing, her direct appeal from that judgment of sentence is pending before the Superior Court.

6. In an amended Notice of Appeal filed on August 16, 2004, the Commonwealth certified that the trial court's order denying its request to allow videotaped testimony of the minor children at trial substantially handicapped the prosecution, and that the appeal was taken in good faith and not for purposes of delay. *See* Pa.R.A.P. 311(d).

incarceration, Appellant filed a motion for release on nominal bail pursuant to Pa.R.Crim.P. 600(E). Appellant alleged that she had been in jail since February 19, 2004; that as of August 16, 2004, she would have served 180 days without going to trial in violation of Rule 600(A)(2);[7] and that the Commonwealth had filed an appeal to the Superior Court, necessitating further delay for which she was not responsible.

The Commonwealth raised no claim that Appellant was a flight risk or that she posed a danger to the public in general or the victims in particular. Instead, it responded that its appeal to the Superior Court concerning the children's need to testify personally, filed on August 5, 2004, served to extend the Rule 600(E) time period in accord with this Court's discussion of Rule 600(G) in *Matis*, and therefore Appellant was not entitled to release.

The trial court agreed with the Commonwealth's argument that it was entitled to an extension of the 180–day rule under our decision in *Matis*, and denied Appellant's request for release on nominal bail. Specifically, the court held that "[i]f the trial court issues a pretrial order excluding testimony that will substantially handicap the prosecution of the case, and the Commonwealth appeals the order and includes a *Dugger*[8] certification, the appeal is authorized and the time limit for commencement of trial can be extended." Trial Ct. Slip Op. at 2. In addressing Appellant's attempt to distinguish the calculation of time for purposes of release on nominal bail pursuant

---

7. Pa.R.Crim.P. 600(A)(2) provides,

 Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

 Pa.R.Crim.P. 600(A)(2).

8. The trial court referred to *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985), in which we held that when the Commonwealth certifies that a suppression order substantially handicaps or terminates a prosecution that certification "in and of itself, precipitates and authorizes the appeal." *Id.* at 386. Notably, on May 6, 1992, effective July 6, 1992, Pa.R.A.P. 311 was amended to permit an interlocutory appeal as a matter of right by the Commonwealth in cases where the Commonwealth asserts that the order will terminate or substantially handicap the prosecution. *See* Pa.R.A.P. 311(d) (superseding *Dugger*).

to Rule 600(E) and for purposes of dismissal pursuant to Rule 600(G), the trial court found that the issue is not whether the individual is incarcerated or released on bail, but rather whether the Commonwealth has been duly diligent and whether the appeal was taken in bad faith. After finding that the Commonwealth met its burden of demonstrating due diligence and that the circumstances occasioning the delay were beyond its control, the two criteria for an extension of time in Rule 600(G), the trial court denied Appellant relief.

Appellant filed a timely notice of appeal to the Superior Court, asserting that the trial court erred in denying her petition for release on nominal bail. In addressing Appellant's claim, the Superior Court, like the trial court, found our decision in *Matis* interpreting Rule 600(G) to be dispositive, notwithstanding that the circumstances herein implicate Rule 600(E), rather than 600(G).

Appellant filed a Petition for Allowance of Appeal, which we granted. As in the Superior Court, she now argues that it was error to find *Matis* controlling because, unlike Appellant, the defendant in *Matis* was on bail pending the completion of the Commonwealth's pretrial appeal and sought a dismissal with prejudice of the charges after 365 days pursuant to the remedy provided in Rule 600(G).

Appellant contends that Rule 600 distinguishes between a defendant, like her, who is held in pretrial incarceration in excess of 180 days and seeks release on nominal bail pending trial, and a defendant, like the one in *Matis*, who is free on bail and seeks dismissal of charges with prejudice after 365 days. Appellant points out that in *Matis*, the only matter before us was whether the Commonwealth could extend the period for the running of Rule 600(G) by the length of the delay caused by its pretrial appeal. She stresses that Rule 600(E) unequivocally entitles defendants held pending trial in excess of 180 days to immediate release on nominal bail while Rule 600(G) incorporates the potentiality of extensions of time for said appeals or similar delays. Appellant further notes that the Superior Court decision could subject every incarcerated defendant, who is clothed with the presumption of inno-

cence, to indefinite incarceration prior to trial based on delays attributable only to the Commonwealth.

The Commonwealth first points out that on October 17, 2005, Appellant was sentenced to an aggregate term of twenty-two to eighty years of incarceration in a state correctional institution, her post-trial motions were denied by the trial court, and she is currently pursuing a direct appeal of her judgment of sentence to the Superior Court. *See Commonwealth v. Sipe–Dixon*, 1844 MDA 2005 (filed November 3, 2005). Thus, the Commonwealth argues that the question presented here is moot because Appellant is no longer being held in pretrial incarceration, and instead is currently serving her sentence. The Commonwealth also maintains that, if we find error in the decisions below, the error is harmless because Appellant has been credited with all time she served in pretrial incarceration. In the alternative, the Commonwealth contends that Appellant's original motion for release on nominal bail was properly denied by the trial court, and in lieu of argument, adopts the rationale set forth by the courts below. Thus, the Commonwealth avers that we should dismiss this appeal or affirm on the merits.

In addressing this appeal, this Court must consider two issues: whether this case should be dismissed as moot, and, if not, whether Appellant was entitled to pretrial release from confinement. Both involve pure questions of law, and therefore this Court's standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Cousin*, 585 Pa. 287, 888 A.2d 710, 714 (2005). We turn first to a discussion of the mootness issue. In granting allowance of appeal, we recognized that, because we cannot afford this particular Appellant relief, the issue is technically moot.[9] The instant appeal, however, furnishes a classic example of the well-recognized exception to the mootness doctrine applicable when a case is "capable of repetition yet evading review." *See*

9. In the same order granting allowance of appeal on December 12, 2005, we also dismissed Appellant's Application for an Order to be Released on Nominal Bail Pending Trial as moot, because she had been convicted and sentenced and was no longer in pretrial incarceration.

*Commonwealth v. Baker,* 564 Pa. 192, 766 A.2d 328, 330 n. 4 (2001). Pursuant to this principle, an appellate court may decide a case where issues important to the public interest are involved, the nature of the question under consideration is such that it will arise again, and review will be repeatedly thwarted if strict rules of mootness are applied. *See id.*

The issue raised herein cannot ripen until a defendant has been confined for 180 days, and will be mooted if the Commonwealth brings the case to trial, as it typically must, within 365 days of the filing of the complaint. The 185 days between the ripening of the issue and the last day the case can go to trial, absent exceptions, are obviously insufficient to permit the Superior Court and this Court to review a case. Thus, absent unusual circumstances which would prolong the Rule 600(G) 365–day period without imperiling the prosecution, the issue before us will repeat itself and yet evade review. Given a defendant's right to be free from prolonged pretrial incarceration; the district attorney's right, as a representative of the citizenry, to prosecute criminal conduct; and the reality that these questions will recur and yet evade review, it is appropriate that we address the merits. *See id; see also Commonwealth v. Sloan,* 589 Pa. 15, 907 A.2d 460, 2006 WL 2771645 (Pa.2006) (filed concurrently with this opinion and discussing further application of the capable of repetition yet evading review exception to the mootness doctrine as it relates to a separate question regarding Rule 600(E)). Thus, we proceed to the merits.

 Rule 600 establishes a careful matrix protecting a defendant's rights to be free from prolonged pretrial incarceration and to a speedy trial, while maintaining the Commonwealth's ability to seek confinement of dangerous individuals and those posing a risk of flight, and to bring its cases in an orderly fashion. *See, e.g., Commonwealth v. Hill,* 558 Pa. 238, 736 A.2d 578, 580 (1999) (noting that Rule 600 "was designed to encourage both the prosecution and the judiciary to act promptly in criminal cases and to establish an objective time limit for their guidance"); *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367, 369–70 (1981) (noting the dual purposes

of Rule 600 to protect a defendant's speedy trial rights and to protect a society's right to effective prosecution of criminal cases). We begin our analysis by examining this matrix. Rule 600(A)(2) provides that when a defendant is incarcerated, trial shall commence no later than 180 days from the date the criminal complaint is filed. Rule 600(E), which lies at the heart of the controversy herein, is a corollary to Rule 600(A)(2), providing that no defendant shall be held in pretrial incarceration for a period exceeding 180 days. If a defendant is so held, he shall be entitled to immediate release on nominal bail upon petition. Rule 600(E), however, provides for excludable time in accord with Rule 600(C).[10] This Rule allows that in computing the running of the 180 days, delays resulting from defendant's actions or requests shall be excluded. The sum of these rules is that an incarcerated defendant must be tried within 180 days of a written complaint, and if such trial does not timely occur, the defendant is entitled to immediate release on nominal bail after spending 180 days in confinement, exclusive of delays occasioned by defendant.

Rule 600 provides a different construct for cases in which the defendant is not incarcerated during the pretrial process. Rule 600(A)(3) provides that in a case where defendant is at liberty on bail, a trial shall commence no later than 365 days from the date a written complaint is filed. As the corresponding enforcement provision, Rule 600(G) provides that if a defendant is on bail for more than 365 days without trial commencing, the charges against the defendant shall be dis-

**10.** Pa.R.Crim.P. 600(C) provides:

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600(C).

missed with prejudice. However, to ensure substantial justice, Rule 600(G) contains one implicit and one explicit exception.

The implicit exception is that Rule 600(C) excludable time does not count in computation of the 365 days. Unlike Rule 600(E), Rule 600(G) does not specifically refer to Rule 600(C). Nevertheless, Rule 600(C), by its terms, is applicable to all determinations of time periods from complaint to trial, and thus applies both the 180–day period pursuant to Rule 600(E) and the 365–day period in accord with Rule 600(G). *See Hill*, 736 A.2d at 584; *Commonwealth v. Hyland*, 875 A.2d 1175, 1190 (Pa.Super.2005); *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super.2004). Thus, as with the jurisprudence pertaining to Rule 600(E), any delay attributable to defendant's requests or conduct is excludable from the 365–day period in which trial must commence when a defendant is at liberty.

Additionally, Rule 600(G) includes an explicit exception, neither explicitly nor implicitly included in Rule 600(E). The additional language provides the Commonwealth with the ability to obtain what this Court in *Matis* termed to be "an extension" of the 365–day time limit, as opposed to a Rule 600(C) "exclusion," to the extent the Commonwealth has exercised due diligence such that circumstances occasioning a postponement are beyond its control. *Matis*, 551 Pa. 220, 710 A.2d 12.

This distinction between the Rule 600(G) "extension" of time and the Rule 600(C) "exclusion" of time is explained fully in this Court's *Matis* decision. Therein, the Commonwealth filed a criminal complaint in February 1992 charging the defendant with offenses stemming from a fatal drunk driving accident, but permitting the defendant to remain free on bail. For nearly a year, the Commonwealth repeatedly sought continuances based on the unavailability of its expert forensic toxicologist. *Id.* at 14. The case finally was listed for trial in January 1993, approximately eleven months after the filing of the criminal complaint and the granting of bail to the defendant. Just prior to trial, however, the Commonwealth filed for yet another continuance, claiming it was unable to subpoe-

na the bartender who served the defendant on the night in question, whose testimony the Commonwealth argued was critical to establish the factual foundation for the expert testimony concerning the defendant's blood alcohol level at the time of the accident. *Id.*

The trial court denied the motion, and the Commonwealth appealed, certifying that the prosecution was substantially impaired by the absence of this witness. *Id.* at 15; *see* Pa.R.A.P. 311(d). Notwithstanding the Commonwealth's certification, the Superior Court quashed the Commonwealth's appeal in December of 1993 in a memorandum opinion, and remanded the case for trial on its merits. Because it had been nearly twenty-three months since defendant was placed on bail, he moved to dismiss the case pursuant to Rule 600(G) .[11] In his motion, defendant alleged that the Commonwealth failed to exercise due diligence in bringing him to trial. The trial court agreed and dismissed the prosecution's case with prejudice. The Commonwealth appealed, and, again by memorandum opinion, the Superior Court reversed and remanded the case for a merits trial. Appellant sought our review, which we granted, recognizing that Rule 600 was silent concerning the effect upon Rule 600(G)'s 365–day time limits of a pretrial appeal taken by the Commonwealth. *Matis,* 710 A.2d at 15.

We focused our analysis on the language of Rules 600(C) and 600(G). We noted that Rule 600(C) established criteria for when time could be "excluded" from the Rule 600(E) 180–day time period and Rule 600(G) 365–day time period. The excludable time periods related to the actions by the defendant and could not relate to delays caused solely by the Commonwealth. *Id.* at 16. We then considered the second

11. At the time *Matis* was decided, the substance of Rule 600 was encompassed in Rule 1100. The renumbering became effective on April 1, 2001. It would unnecessarily complicate an already somewhat cumbersome analysis to refer to the applicable sections of Rule 1100 herein and then correlate them to Rule 600. Accordingly, for the sake of convenience and clarity, we will substitute the applicable provisions of Rule 600 for the cited provisions in *Matis* to old Rule 1100, as to do so will not result in substantive inaccuracy.

paragraph of Rule 600(G), which provides that a defendant's motion to dismiss with prejudice shall be denied and a case shall be tried despite defendant having been on bail without trial commencing for in excess of 365 days, so long as the Commonwealth exercised due diligence and the circumstances requiring the postponement(s) were beyond the Commonwealth's control. We held that delays meeting the second paragraph of Rule 600(G)'s criteria would form the basis for an "extension" of time for the commencement of trial. *Id.* at 17. We affirmed the Superior Court's finding that the Commonwealth had acted with due diligence and the circumstances necessitating delay were unavoidable. Thus, we found that the Commonwealth was entitled to the extension of time and remanded for a trial on the merits. *Id.* at 19.

The precise question presented herein is whether the *Matis* precedent permitting extensions of time applicable to a Rule 600(G) circumstance should apply to the Rule 600(E) situation where a defendant has been confined without trial for more than 180 days and seeks release on nominal bail. Neither the trial court nor the Superior Court had any difficulty extending the *Matis* precedent to this situation. We write to explain respectively why we disagree with these conclusions, and hold that extensions of time contemplated by the Rule 600(G) and *Matis* are inapplicable when Rule 600(E) is implicated.

We begin with basic statutory construction, which is the appropriate method to construe the rules. *See* Pa.R.Crim. P. 101(C) ("[T]o the extent practicable, these rules shall be construed in consonance with the rules of statutory construction."). As always, we look first to the plain language of the rule. *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit.").

As noted above, the second paragraph of Rule 600(G), by virtue of its specific language, requires a court to determine whether the Commonwealth exercised due diligence and whether the circumstances occasioning a postponement were beyond its control when weighing a defendant's motion to dismiss a complaint with prejudice based upon the Common-

wealth's failure to initiate trial within 365 days against the Commonwealth's concomitant argument that it is entitled to an extension of time. This language, however, is conspicuously absent from Rule 600(E). If this Court, as drafter of the rule, had intended to include of an "extension" of time concept in the Rule 600(E) 180–day scenario, as explicitly provided in the Rule 600(G) 365–day scenario, it merely could have parroted or referred specifically to the language of the second paragraph of Rule 600(G) in Rule 600(E). *See* 1 Pa.C.S. § 1921(b); *see also id.* § 1922(2) (providing for presumption that the drafter intends the entire statute (or the rule, pursuant to Pa.R.Crim.P. 101(C)) to be effective and certain); § 1932 (providing that statutes and parts of statutes are in *pari materia* when they relate to the same persons or things). We should not now graft the second paragraph of Rule 600(G) to Rule 600(E) under the guise of interpretation, when the drafters of the rules specifically chose not to do so. *See id.* Instead, we apply the plain language of Rule 600(E), referring only to the "excludable" time described in Rule 600(C), which does not encompass delays attributable to actions of the Commonwealth, even when performed with due diligence. *Id.*

Our analysis of the plain language is validated by consideration of the vastly different policy considerations at play when Rule 600(G) and 600(E) are compared. *See* 1 Pa.C.S. § 1921(b) ("Where the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering" other matters including "[t]he occasion and necessity of the statute" and "[t]he object to be obtained.") Implicit in Rule 600(G) and the *Matis* decision is the recognition that at times the Commonwealth must take a pretrial appeal. *See, e.g., Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304, 308 (1963) (discussing generally the exception to bar against interlocutory appeals where absent a pretrial appeal the Commonwealth could be "completely deprived of *any opportunity* to secure an appellate court evaluation of the validity of the order of suppression which forces the Commonwealth to trial without *all* of its evidence.") (emphasis in original). Indeed, Pa.R.A.P. 311(d) specifically allows for the

pretrial appeal as an exception to the general bar to interlocutory appeals when the Commonwealth certifies that a trial court ruling will terminate or substantially handicap the prosecution. If Rule 600(G), as interpreted by *Matis*, did not recognize the ancillary extension of time beyond the 365–day period of Rule 600(G), the Commonwealth's right to a pretrial appeal would be illusory, as the appeal would result in the loss of prosecution at the expiration of Rule 600(G)'s 365–day time limitation. Thus, this interplay of Pa.R.A.P. 311(d) and Pa. R.Crim.P. 600(G) protects, among other things, the Commonwealth's ability to seek review of adverse trial court rulings without facing the loss of prosecutions under Rule 600(G). Moreover, defendants do not have their rights unconstitutionally infringed through this process as they are presumably at liberty, and their right to speedy trial is fully protected by the Commonwealth's obligation pursuant to Rule 600(G) to pursue diligently the initiation of trial.

The same would not be true if this Court were to graft the Rule 600(G) extension of time construct to Rule 600(E), because it could result in a defendant's pretrial confinement for multiple years during a prolonged Commonwealth appeal, with no opportunity to establish his or her innocence. If this Court eventually affirmed the trial court's pretrial ruling and the Commonwealth dropped the charges, the defendant would be released after a multi-year pretrial confinement with at most, society's apologies. We decline to interpret Rule 600(E) in such a fashion, where the plain language of Rule 600(E), the structure of Rule 600, generally, and the policy underlying it dictate a contrary result.[12] Instead, we conclude that Rule

12. We note that our decision today in no way places the populace at risk. A relatively recent amendment to Article I, Section 14 of the Pennsylvania Constitution permits courts to deny bail when "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person in the community." Pa. Const. Art. I, § 14. This constitutional provision supersedes the Rules of Criminal Procedure, and provides any court with the authority to deny nominal bail after 180 days if release would endanger the safety of any person. In this regard, in *Sloan*, 589 Pa. at 15, 907 A.2d at 460, a companion case being filed simultaneously with this matter, we have held that when a defendant is released on nominal bail in accord with Rule 600(E), reasonable conditions can be imposed to ensure a defen-

600(E) contemplates an increase in the number of days of pretrial incarceration in excess of 180 based only upon the exclusions of time referenced in Rule 600(C), attributable to the defendant, and not upon extensions of time pursuant to Rule 600(G) for actions taken diligently by the Commonwealth.

In accordance herewith, the decision of the Superior Court is reversed.

Chief Justice CAPPY, and Justice CASTILLE, Justice NEWMAN and Justices SAYLOR and EAKIN join the opinion.

Justice BALDWIN did not participate in the consideration or decision of this case.

dant's appearance at trial and to protect the public. The trial court's ability to deny bail altogether pursuant to Article I, Section 14, and its ability to set conditions for the release on nominal bail in accordance with our decision in *Sloan* is protective of the public interest, while this case is protective of a defendant's right to not be held indefinitely in pretrial detention. This strikes an appropriate balance between society's substantial interest in its safety and a confined defendant's substantial right to not be indefinitely held in pretrial confinement.