982 A.2d 482

**Dennis J. BAYLOR, Appellant**

v.

**Pedro A. CORTES, in his Official Capacity as Secretary of State for Pennsylvania; and Chet Harhut, in his Official Capacity as the Commissioner of the Bureau of Commissions, Elections and Legislation, Appellees.**

Supreme Court of Pennsylvania.

Submitted Feb. 4, 2009.

Decided Oct. 22, 2009.

Dennis J. Baylor, for Dennis J. Baylor, *pro se.*

Howard Greeley Hopkirk, Esq., PA Office of Attorney General, for Pedro A. Cortes & Chet Harhut.

Louis Lawrence Boyle, Esq., PA Department of State, for Bureau of Elections.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 22nd day of October, 2009, the order of the Commonwealth Court is hereby **AFFIRMED.**

Justice EAKIN files a concurring and dissenting statement.

Justice EAKIN, concurring and dissenting statement.

I concur with the majority to the extent it affirms the Commonwealth Court's denial of relief for appellant. I write separately because I believe a *per curiam* order does not properly address the merits.

The occurrence of the special election in which appellant sought to be placed on the ballot has rendered this issue presumptively moot. *See In re Gross,* 476 Pa. 203, 382 A.2d 116, 119 (1978) (stating legal question can become moot on appeal as result of intervening change of circumstances). Although neither party has raised mootness, even after the special election, we are not precluded from invoking the doctrine. *See In re Canvass of Absentee Ballots of Nov. 4, 2003 General Election,* 577 Pa. 231, 843 A.2d 1223, 1226 n. 3 (2004) (addressing mootness where parties did not raise it). Accordingly, we are not precluded from applying an exception to the mootness doctrine, and "may decide a case where issues important to the public interest are involved, the nature of the question under consideration is such that it will arise again, and review will be repeatedly thwarted if strict rules of mootness are applied." *Commonwealth v. Dixon,* 589 Pa. 28, 907 A.2d 468, 472–73 (2006) (citation omitted).

This Court has opined as to moot election matters—albeit distinct from the present issues—due to the applicability of

the "capable of repetition yet evading review" exception, given the relatively short election cycle time period and the importance of the underlying issues. *See Nutter v. Dougherty*, 595 Pa. 340, 938 A.2d 401, 405 n. 8 (2007) (given brevity of election cycle and length of litigation, challenge to municipal campaign finance ordinance met capable of repetition and avoiding review exception); *In re Canvass of Absentee Ballots of Nov. 4, 2003 General Election*, at 1226 n. 3 (third-party absentee ballot deliveries not moot because it is important issue with significance beyond election, capable of repetition and escaping review); *Western Pennsylvania Socialist Workers 1982 Campaign v. Connecticut General Life Insurance Company*, 512 Pa. 23, 515 A.2d 1331, 1333 (1986) (case not moot, although election was over, because it posed important issues unlikely to reach appellate courts during brief election cycle and likely to escape review).

I agree this matter presents an unusual circumstance, as incumbent Senator James Rhoades was posthumously elected after dying in an automobile accident, and a special election was later held to fill the seat. However, I would find appellant's circumstances are not so unique in the context of political body candidates seeking ballot representation that they are not capable of repetition. Appellant raises viable claims [1] regarding 25 P.S. § 2831(a) [2] and § 2872.2(a).[3] An opinion here would serve as relevant authority for potential

---

1. Specifically, appellant raises the following issues:
 1. Is the requirement that political body candidates collect a substantial number of signatures on nominating papers, during a three-week period, in the dead of winter, to access a Special Election ballot invidiously discriminatory, and an unconstitutional burden on free speech?
 2. Does the redundant requirement that the Appellant collect nominating signatures equating 2% of the General Election victor's vote, when he got 3.45% of said votes at the polls, serve any state interest?
 3. Was the trial court's dismissal of issues regarding the "No Party" party for amendable error in the filing's caption proper?
 4. Are Election Code sections 25 P.S. §§ 2831 and 2872.2, on their face, as well as applied by the Department of State and the Bureau of Commissions, Elections, and Legislation, unconstitutional?
 Appellant's Brief, at 6.

2. Section 2831(a) provides, in relevant part:

candidates who may be misunderstood as to the Election Code provisions at issue. Explaining how a candidate for the Pennsylvania Senate, who is unaffiliated with a recognized political party, must comply with Election Code procedures may avoid future appeals such as this one. Furthermore, an opinion would discuss Election Code provisions upon which this Court has not previously elaborated.

For the foregoing reasons, I respectfully dissent.

Any party or political body, one of whose candidates at the general election next preceding the primary polled in each of at least ten counties of the State not less than two per centum of the largest entire vote cast in each of said counties for any elected candidate, and polled a total vote in the State equal to at least two per centum of the largest entire vote cast in the State for any elected candidate, is hereby declared to be a political party within the State, and shall nominate all its candidates for any of the offices provided for in this act, and shall elect its delegates and alternate delegates to the National convention as party rules provide.
25 P.S. § 2831(a). *See also In re Nomination Papers of Nader,* 580 Pa. 22, 858 A.2d 1167, 1170 n. 1 (2004) (representative of political body must obtain number of signatures equal to two percent of the last highest vote obtained in statewide election to be listed on ballot).

3. Section 2872.2(a) provides, in relevant part:

"Minor political party" shall mean a political party as defined in [25 P.S. § 2831](a) or (b) whose State-wide registration is less than fifteen per centum of the combined State-wide registration for all State-wide political parties as of the close of the registration period immediately preceding the most recent November election.
25 P.S. § 2872.2(a).