J-S65003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CZESLAW KUC | |
| Appellant | No. 964 EDA 2013 |

Appeal from the Judgment of Sentence March 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007281-2012

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J. **FILED DECEMBER 15, 2014**

Appellant, Czeslaw Kuc, appeals from the judgment of sentence entered by the Honorable Roxanne E. Covington, Court of Common Pleas of Philadelphia County, contending that the Commonwealth violated his rights to a speedy trial. After careful review, we affirm.

On December 8, 2011, Kuc was charged *via* criminal complaint with violations of the Uniform Firearms Act, terroristic threats, and simple assault. After several listings were continued due to the absence of a Polish interpreter for Kuc, as well as the absence of the complaining witness, the Commonwealth moved to withdraw the complaint on March 22, 2012. The Commonwealth subsequently re-filed the complaint on April 11, 2012.

---

[*] Retired Senior Judge assigned to the Superior Court.

The case was listed for trial on September 17, 2012, and both parties reported as ready for trial. The case was postponed, however, due to a "court continuance." On December 5, 2012, both parties reported as ready for trial, only to have the case continued due to the assigned judge's unavailability. The case was continued one more time due to the absence of the Polish interpreter, and proceeded to a bench trial on March 22, 2013. At the conclusion of the trial, the court found Kuc guilty on all charges, and sentenced him to a term of incarceration of six to twelve months, to be followed by a two year probationary period. This timely appeal followed.

On appeal, Kuc raises only one issue. Kuc argues that the Commonwealth violated his right to a speedy trial. Specifically, Kuc argues that the mechanical run date for Rule 600 was exceeded, and that the Commonwealth did not establish that it had exercised due diligence in bringing the case to trial. Kuc contends that the Commonwealth was required to demonstrate due diligence throughout the pendency of the case. Kuc concedes that since the trial court calculated the run dates from the first complaint filed, **Commonwealth v. Meadius**, 870 A.2d 802 (Pa. 2005) does not apply.

In cases such as this one, Rule 600[1] requires the Commonwealth to bring a defendant to trial within one year of the filing of the criminal complaint. **See** Pa.R.Crim.P., Rule 600(A)(3). Our scope and standard of review on this issue are as follows:

> Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

**Commonwealth v. Robbins**, 900 A.2d 413, 415 (Pa. Super. 2006) (citation omitted).

Charges shall be dismissed under Rule 600 where a defendant on bail is not brought to trial within 365 days of the date on which the criminal complaint against him is filed. **See Commonwealth v. Dixon**, 589 Pa. 28, 37, 907 A.2d 468, 474 (2006). **See also** Pa.R.Crim.P., Rule 600(A)(3), 42 PA.CONS.STAT.ANN. (trial "shall commence no later than 365 days from the date on which the complaint is filed."). Rule 600, however, specifically contemplates that certain periods of time shall be excluded in calculating compliance with the rule. Rule 600 defines excludable time as follows:

> (C) In determining the period for commencement of trial, there shall be excluded therefrom:

---

[1] Prior Rule 600 was rescinded on October 1, 2012, and new Rule 600 was made effective on July 1, 2013. **See** 42 Pa.B. 6622. Since prior Rule 600 was in effect during the trial court's decision, our analysis will focus on that version of the Rule.

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P., Rule 600(C), 42 Pa.Cons.Stat.Ann.

Furthermore, even where a Rule 600 violation occurs, a motion to dismiss should be denied where "excusable delay" occurs. "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Commonwealth v. Jones***, 886 A.2d 689, 700 (Pa. Super. 2005) (citation omitted).

Based upon our interpretation of the above-cited provisions of Rule 600, it is evident that Kuc was not entitled to the dismissal of his case. In deciding whether a violation has occurred it is important to keep in mind how Rule 600 is to be applied. An *en banc* panel of this Court stated the following in this regard:

[W]hen considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection

of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1100-1101 (Pa. Super. 2007) (*en banc*) (citing *Commonwealth v. Hunt*, 858 A.2d 1234, 1238-39 (Pa. Super. 2004) (*en banc*)).

Here, the Commonwealth filed the initial criminal complaint on December 8, 2011. It is undisputed that both the Commonwealth and Kuc were ready for trial on September 17, 2012, or 279 days later. *See* Appellant's Brief, at 15. Furthermore, it is undisputed that all subsequent continuances of the trial were not at the Commonwealth's request. The trial court found that all time after September 17, 2012, was excusable delay.

Kuc contends that the Commonwealth failed to establish that it exercised due diligence during the early stages of the litigation, when it failed to secure the appearance of the complaining witness, or a Polish interpreter. "Due diligence does not require perfect vigilance and punctilious

- 5 -

care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Jones**, 886 A.2d at 700 (citation omitted). Since the Commonwealth was in fact prepared to go to trial within the 365 day period, the trial court did not abuse its discretion in finding that the Commonwealth had made a reasonable effort to comply with Rule 600. Thus, Kuc's sole issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Platt joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2014