J-S24032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CURTIS SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MONTGOMERY COUNTY DISTRICT | : | No. 2927 EDA 2018 |
| ATTORNEY | : | |

Appeal from the Order Dated September 10, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-20095

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 22, 2019**

Appellant Curtis Smith ("Smith") appeals from the order entered in the Court of Common Pleas of Montgomery County Civil Division ("civil court"), denying Smith's *pro se* petition for a writ of *habeas corpus*.  We vacate the order and remand for the entry of an order transferring the matter to the Court of Common Pleas of Montgomery County Criminal Division.

The relevant facts and procedural history have been set forth, in part, by the civil court as follows:

> This appeal arises out of [Smith's] Petition for Writ of *Habeas Corpus*, filed with the Montgomery County Prothonotary on August 10, 2018.  The Montgomery County District Attorney was named as Respondent. Though not set forth in his filings, it appears that on February 13, 2018, Smith was charged with Retail Theft in a proceeding docketed at Montgomery County Criminal Action CP-46-CR-0003255-2018.  According to the Montgomery County criminal dockets, that offense is currently pending.[1]

---

\*   Former Justice specially assigned to the Superior Court.

1 Smith is represented by private counsel in the criminal action. He filed his *habeas corpus* petition *pro se*.

Smith, who pleads that he is "on bail awaiting trial in this county" asks that his petition for writ of *habeas corpus* be granted because he is not governed by the "corporate state/Commonwealth of Pennsylvania" thus "rendering the Bills of Information/Indictments" in [his criminal case] null and void."[2] In his Petition for writ of *habeas corpus*, Smith requested that th[e] [civil] court "quash the bill(s) of Information/Indictment(s) and order his release from custody." Smith presented a proposed order which stated that the District Attorney[3] "release and discharge the Petitioner."

This petition for *habeas corpus* was assigned to th[e] [civil] court as a civil equity emergency matter. On September 10, 2018, th[e] [civil] court entered an order denying Smith's Petition. Smith filed a timely appeal of this order.[3] [The civil court did not order Smith to file a Pa.R.A.P. 1925(b) statement, and consequently, Smith did not file one. The civil court filed an opinion pursuant to Pa.R.A.P. 1925(a) on November 6, 2018.]

2 Smith's petition challenges his [criminal] counsel's effectiveness in not raising whether he is bound by the state and federal law and constitutions, and whether he must follow the law of Pennsylvania.

3 The docket entries in this case contain no affidavits of service showing that the District Attorney's Office was ever notified of Smith's Petition prior to the filing of the appeal.

4 Smith averred in his petition that he is "on bail awaiting trial" in Montgomery County, and can be found at an address in Philadelphia. Thus, [Smith] is not currently being detained. The court in **Commonwealth ex rel Paulinski**, 483 Pa. 467, 397 A.2d 760 (1979), ruled that the writ is available to a person released on bail "so long as there are restraints on the petitioner's physical liberty not shared by the public generally." Smith has not set forth any such restraints in his petition. However, his petition was not denied on that basis.

Civil Court Opinion, filed 11/6/18, at 1-2 (footnotes in original).

Smith contends the Court of Common Pleas has no jurisdiction over the persona/subject matter of the underlying criminal case as Smith is a "sovereign citizen." He further contends his confinement/bail is being

unlawfully enforced absent jurisdiction. The civil court denied Smith's petition for writ of *habeas corpus* on the basis Smith incorrectly filed the petition with the Civil Division's Prothonotary, as opposed to the Criminal Division's Clerk of Courts. In so doing, the civil court concluded it had no authority to act with regard to the underlying criminal case.

Initially, we agree with the civil court that Smith mistakenly filed his *pro se* petition for writ of *habeas corpus* with the Civil Division's Prothonotary. While a habeas petition is a "civil remedy," **Chadwick v. Caulfield**, 834 A.2d 562, 566 (Pa.Super. 2003), the Pennsylvania Supreme Court has promulgated the rules governing the filing of such petitions in the Pennsylvania Rules of Criminal Procedure.

Specifically, Pa.R.Crim.P. 108 provides that "[a] petition for writ of *habeas corpus* challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered." Pa.R.Crim.P. 108. Rule 103, in turn, defines the "clerk of courts" as "that official…in each judicial district who…has the responsibility and function to maintain the official criminal case file and list of docket entries, and to perform such other duties as required by rule or law." Pa.R.Crim.P. 103. Moreover, Section 2738 of the Judicial Code sets forth the general rule that "the office of the prothonotary shall not exercise the powers

and perform the duties of the office of the clerk of courts." 42 Pa.C.S.A. § 2738(b).

However, we disagree with the civil court that it was proper to deny Smith's petition on the basis it was incorrectly filed with the Prothonotary. Section 2756 of the Judicial Code provides that "[a]ll applications for relief or other documents relating to the following matters **shall be filed in or transferred to the office of the clerk of the courts**: (1) Criminal matters including all related motions and filings." 42 Pa.C.S.A. § 2756 (emphasis added). Accordingly, based on the plain language of Section 2756, the civil court should have transferred the petition for a writ of *habeas corpus*, which presented issues related to Smith's criminal matter, to the criminal court's Clerk of Courts rather than summarily denying the petition on the basis it was incorrectly filed with the civil court's Prothonotary.

For all of the foregoing reasons, we vacate the Court of Common Pleas of Montgomery County Civil Division's order dated September 10, 2018, and remand for an order directing the transfer of the petition for a writ of *habeas corpus* to the Court of Common Pleas of Montgomery County Criminal Division.[1]

_____

[1] We note that, during the pendency of this appeal, Appellant pled guilty and was sentenced at CP-46-CR-0003255-2018. However, we decline to find the instant matter "moot" as it is capable of repetition yet evading review. **See Commonwealth v. Dixon**, 589 Pa. 28, 907 A.2d 468 (2006) (holding issue pertaining to whether the appellant was entitled to pretrial release from

Order vacated; Case remanded with instructions; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19

---

confinement was reviewable under the mootness exception of "capable of repetition yet evading review").