**Rule 904. Content of the Notice of Appeal.**

(a)　*Form.*—Except as otherwise prescribed by this rule, the notice of appeal shall be in substantially the following form:

COURT OF COMMON PLEAS
OF _____ COUNTY

**[A.B.] Party A's full name**, Plaintiff:

v.

**[C.D.] Party B's full name**, Defendant:

Docket or File No._____
Offense Tracking Number _____

NOTICE OF APPEAL

Notice is hereby given that **[C.D.] _____**, defendant above named, hereby appeals to the (Supreme) (Superior) (Commonwealth) Court of Pennsylvania from the order entered in this matter on the _____ day of _____20__.  This order has been entered in the docket as evidenced by the attached copy of the docket entry.

(S)_____

_____
(Address and telephone number)

(b)　*Caption.*

**(1)　*General rule.*—**The parties shall be stated in the caption as they **[stood upon] appeared on** the record of the trial court at the time the appeal was taken.

**(2)　*Appeal of custody action.*—In an appeal of a custody action where the trial court has used the full name of the parties in the caption, upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child.**

(c)　*Request for transcript.*—The request for transcript contemplated by Pa.R.A.P. 1911 or a statement signed by counsel that either there is no verbatim record of the proceedings or the complete transcript has been lodged of record shall accompany the notice of appeal, but the absence of or defect in the request for transcript shall not affect the validity of the appeal.

(d)　*Docket entry.*—The notice of appeal shall include a statement that the order appealed from has been entered on the docket.  A copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal.

(e)　*Content in criminal cases.*—When the Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal shall include a certification by counsel that the order will terminate or substantially handicap the prosecution.

(f)　*Content in children's fast track appeals.*—In a children's fast track appeal, the notice of appeal shall include a statement advising the appellate court that the appeal is a children's fast track appeal.

**Official Note:**

The Offense Tracking Number (OTN) is required only in an appeal in a criminal proceeding.  It enables the Administrative Office of the Pennsylvania Courts to collect and forward to the Pennsylvania State Police information pertaining to the disposition of all criminal cases as provided by the Criminal History Record Information Act, 18 Pa.C.S. §**§** 9101**[,]** *et seq.*

The notice of appeal must include a statement that the order appealed from has been entered on the docket.  The appellant does not need to certify that the order has been reduced to judgment.  This omission does not eliminate the requirement of reducing an order to judgment before there is a final appealable order where required by applicable practice or case law.

**Paragraph (b)(2) provides the authority for an appellate court to initialize captions in custody appeals.  *See also* Pa.R.C.P. 1915.10.**

With respect to paragraph (e), in *Commonwealth v. Dugger*, 486 A.2d 382, 386 (Pa. 1985), the Supreme Court held that the Commonwealth's certification that an order will terminate or substantially handicap the prosecution is not subject to review as a prerequisite to the Superior Court's review of the merits of the appeal.  The principle in *Dugger* has been incorporated in and superseded by Pa.R.A.P. 311(d).  *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006).  Thus, the need for a detailed analysis of the effect of the order, formerly necessarily a part of the Commonwealth's appellate brief, has been eliminated.

2

A party filing a cross-appeal should identify it as a cross-appeal in the notice of appeal to assure that the prothonotary will process the cross-appeal with the initial appeal. *See also* Pa.R.A.P. 2113, 2136, and 2185 regarding briefs in cross-appeals and Pa.R.A.P. 2322 regarding oral argument in multiple appeals.

**Rule 907. Docketing of Appeal.**

(a) *Docketing of appeal.*—Upon the receipt of the papers specified in Pa.R.A.P. 905(b) (transmission to appellate court), the prothonotary of the appellate court shall immediately enter the appeal upon the docket, note the appellate docket number upon the notice of appeal, and give written notice of the docket number assignment in person or by first class mail to the clerk of the trial court, to the appellant, and to the persons named in the proof of service accompanying the notice of appeal. **[An appeal shall be docketed under the caption given to the matter in the trial court, with the appellant identified as such, but if such caption does not contain the name of the appellant, appellant's name, identified as appellant, shall be added to the caption in the appellate court.]** **Unless an appellate court exercises its discretion, upon application of a party and for cause shown, to use the initials of the parties in an appeal of a custody action, the prothonotary of the appellate court shall docket an appeal under the caption given to the matter in the trial court. The appellant shall be identified in the caption. If the appellant is not identified in the caption of the trial court, the appellant's name shall be added to the caption in the appellate court.**

(b) *Entry of appearance.*—Upon the docketing of the appeal the prothonotary of the appellate court shall note on the record**:** as counsel for the appellant**,** the name of counsel, if any, set forth in or endorsed upon the notice of appeal**[,]:** counsel of record**[,]:** and any counsel named in the proof of service. The prothonotary of the appellate court shall upon *praecipe* of counsel filed within 30 days after the docketing of the notice of appeal correct the record of appearances. Also within 30 days after the docketing of the notice of appeal, counsel for a party may strike off his or her appearance by *praecipe*, unless that party is entitled by law to be represented by counsel on appeal. Thereafter, and at any time if a party is entitled by law to be represented by counsel on appeal, a counsel's appearance for a party may not be withdrawn without leave of court, unless another lawyer has entered or simultaneously enters an appearance for the party.

**Official Note:**

**Paragraph (a).—**The transmission of a photocopy of the notice of appeal, showing a stamped notation of filing and the appellate docket number assignment, without a letter of transmittal or other formalities, will constitute full compliance with the notice requirement of paragraph (a) of this rule.

A party may be entitled to the representation by counsel on appeal by constitution, statute, rule, and case law. For example, the Rules of Criminal Procedure require counsel appointed by the trial court to continue representation through direct appeal. Pa.R.Crim.P. 120(A)(4) and Pa.R.Crim.P. 122(B)(2). Similarly, the Rules of Criminal Procedure require counsel appointed in post-conviction proceedings to continue representation throughout the proceedings, including any appeal from the disposition of

the petition for post-conviction collateral relief. Pa.R.Crim.P. 904(F)(2) and Pa.R.Crim.P. 904(H)(2)(b). The same is true when counsel enters an appearance on behalf of a juvenile in a delinquency matter or on behalf of a child or other party in a dependency matter. Pa.R.J.C.P. 150(B), 151, Pa.R.J.C.P. 1150(B), 1151(B), (E). It would be rare for counsel in such cases to consider withdrawing by *praecipe*, but the 2020 amendment to the rule avoids any possibility of confusion by clarifying that withdrawal by *praecipe* is available only in matters that do not otherwise require court permission to withdraw.

If a party is entitled to representation on appeal, the appellate court will presume that counsel who represented the party in the trial court will also represent the party on appeal, and counsel will be entered on the appellate court docket. In order to withdraw in such cases, either (1) new counsel must enter an appearance in the appellate court prior to or at the time of withdrawal; (2) counsel must provide the appellate court with an order of the trial court authorizing withdrawal; or (3) counsel must petition the appellate court to withdraw as counsel. Counsel for parties entitled to representation on appeal are cautioned that if any critical filing in the appellate process is omitted because of an omission by counsel, and if the party ordinarily would lose appeal rights because of that omission, counsel may be subject to discipline.

**When an appeal is filed in a custody action, upon application of a party and for cause shown the appellate court may make a determination that using the parties' initials in the caption is appropriate after considering the sensitive nature of the facts included in the case record and the child's best interest. *See* Pa.R.A.P. 904(b)(2).**

**Paragraph (b).—**With respect to appearances by new counsel following the initial docketing appearances **[pursuant to paragraph (b) of this rule]**, please note the requirements of Pa.R.A.P. 120.