J-S13045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TALYIA POPOVICH | : | |
| | : | |
| Appellant | : | No. 796 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 10, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002098-2018,
CP-40-CR-0002129-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TALYIA POPOVICH | : | |
| | : | |
| Appellant | : | No. 933 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 10, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002129-2018


BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JANUARY 4, 2021**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Talyia Popovich (Popovich) appeals[1] from the December 10, 2018 judgments of sentence imposed by the Court of Common Pleas of Luzerne County (trial court) following her convictions for two counts of indecent assault.[2]   Popovich challenges the legality and constitutionality of her registration requirements pursuant to Revised Subchapter H of the Sexual Offenders Registration and Notification Act (SORNA II).[3]   We vacate in part and remand for further proceedings.

A full recitation of the facts underlying Popovich's convictions is unnecessary to our disposition.   Briefly, Popovich was charged by criminal information with one count of indecent assault in each of the above-captioned cases.   Both cases involved the same minor victim.   Popovich entered an open guilty plea in each case, and on December 10, 2018, the trial court sentenced

---

[1] On June 14, 2019, this court issued a rule to show cause why Popovich's appeals should not be quashed in accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as she had filed identical notices of appeal, each containing two docket numbers, in the trial court.   Popovich filed a response arguing that while her notices of appeal contained two docket numbers, they were filed separately with the appropriate trial docket sheet attached as an exhibit in each case.   Each of Popovich's notices of appeal was separately time-stamped in the trial court.   In **Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), we held that the appellant had complied with **Walker** by filing separate notices of appeal containing four docket numbers in each of his four cases on appeal.   As this was the case here, we decline to quash Popovich's appeals.

[2] 18 Pa.C.S. § 3126(a)(2).

[3] 42 Pa.C.S. § 9799.10 *et seq.*

her to an aggregate term of 6 to 23 months' incarceration to be followed by 2 years of probation. In addition, it informed Popovich of her registration requirements under Revised Subchapter H. Prior to sentencing, Popovich was evaluated by the Sexual Offenders Assessment Board which determined that she was not a sexually violent predator. Popovich filed a post-sentence motion challenging the discretionary aspects of her sentence and the legality and constitutionality of her registration requirements. The trial court denied the motion without a hearing and Popovich filed timely notices of appeal. Popovich and the trial court have complied with Pa. R.A.P. 1925.

On appeal, Popovich challenges the legality and constitutionality of her registration requirements under Revised Subchapter H.[4, 5]  However, while Popovich's appeal was pending in this court, our Supreme Court addressed substantially similar challenges to Revised Subchapter H in ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020).  There, the Court of Common Pleas of Chester County held that Revised Subchapter H was unconstitutional because it violated due process with an irrebuttable presumption of sexual offenders'

_____

[4] SORNA I (42 Pa.C.S. §§ 9799.10-9799.42) was enacted on December 20, 2011, and became effective on December 20, 2012, to strengthen the Commonwealth's laws regarding registration of sexual offenders and bring Pennsylvania into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945.  Section 9799.11(a)(1), (2) of SORNA I, 42 Pa.C.S. § 9799.11(a)(1), (2) (repealed).  In ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), after applying the factors set forth in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963), our Supreme Court held that provisions of SORNA I were punitive and that their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution.  ***See*** U.S. Const., Art. 1, § 10; Pa. Const., Art. 1, § 17.

In response to ***Muniz***, the General Assembly enacted Act 10 of 2018 (SORNA II).  It creates a two-track system:  Revised Subchapter H for offenses committed after December 20, 2012, and Subchapter I for enumerated offenses that were committed prior to that date.  Revised Subchapter H differs from SORNA I by allowing some offenders to register by phone rather than in person with the Pennsylvania State Police; removing or changing the registration requirement for some non-sexual offenses; and creating a process through which an offender can petition for removal from the registry after 25 years.  ***See*** 42 Pa.C.S. §§ 9799.25(a.1), (a.2); 9799.14; 9799.15(a.2).

[5] Constitutional challenges present pure questions of law, for which our standard of review is *de novo* and the scope of review is plenary.  ***See Commonwealth v. Moore***, 222 A.3d 16, 18 (Pa. Super. 2019); ***Commonwealth v. Dixon***, 907 A.2d 468, 472 (Pa. 2006).

future dangerousness. *Id.* at 581. Following an analysis under *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), the court additionally held that the statute was punitive despite the legislature's stated non-punitive purpose. *Id.* at 581.

> Based on the determination of punitive effect, the trial court concluded that the registration requirements, which can result in lifetime registration branding an offender at high risk of recidivation, violated (1) the requirements of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Alleyne* [*v. United States*, 1570 U.S. 99 (2013)], (2) imposed sentences in excess of the statutory maximum sentence, (3) constituted cruel and unusual punishment, and (4) violated the separation of powers doctrines by preventing trial courts from imposing individualized sentences.

*Id.* In rendering its decision, the court relied on expert affidavits and supporting evidence submitted by the defense in which "three experts conclud[ed] that sexual offenders generally have low recidivism rates and question[ed] the effectiveness of sexual offender registration systems such as SORNA." *Id.* at 574. The Commonwealth appealed the court's order to the Supreme Court. *See* 42 Pa.C.S. 722(7).

The Supreme Court determined that the factual record was insufficient to render a decision on the merits of the constitutional claims and remanded the case to the trial court for further development of the record. *Id.* at 594. While the defense had submitted scientific evidence in support of its claims, the Supreme Court acknowledged that there may not be a consensus in the scientific community regarding recidivism rates for sexual offenders and the efficacy of sexual offender registration systems. *Id.* The court concluded that

it could not examine the due process challenge or the validity of the legislative findings underpinning the irrebuttable presumption in Revised Subchapter H without a more comprehensive review of the relevant scientific evidence:

> As is apparent from the trial court findings, the evidence presented by Appellee provides a colorable argument to debunk the settled view of sexual offender recidivation rates and the effectiveness of tier-based sexual offender registration systems underlying the General Assembly's findings as well as various decisions of this Court and the United States Supreme Court. Nevertheless, as the trial court did not have the benefit of the opposing science, if any, the evidence currently in the record does not provide a sufficient basis to overturn the legislative determination. Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether Appellee has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at 595-96. In addition, because the trial court relied in part on the defense's scientific evidence when it analyzed whether Revised Subchapter H was punitive under the ***Mendoza-Martinez*** factors, the Supreme Court ordered the trial court to reconsider and reweigh those factors on remand. *Id.* at 593-94.

Following ***Torsilieri***, this court has declined to consider identical constitutional challenges to Revised Subchapter H when these cases do not present the developed record of scientific evidence that the Supreme Court held was necessary to disposition of the claims. ***See Commonwealth v. Mickley***, ___ A.3d ___, 1258 EDA 2019, at *5 (Pa. Super. Sept. 24, 2020); ***Commonwealth v. Torres***, 2666 EDA 2019, at *3 (Pa. Super. Aug. 7, 2020)

- 6 -

(unpublished memorandum).[6]  As the appellants in **Mickley** and **Torres** raised the same constitutional claims as the defense in **Torsilieri**, we concluded that we could not pass on the merits of those claims when the evidentiary record was equally deficient and remanded for further development of the claims.  **See also Commonwealth v. Muhammad**, __ A.3d __, 1455 MDA 2018, at *6 (Pa. Super. Oct. 23, 2020) ("Since the record in this case is more sparse than in **Torsilieri**, it would be inconsistent with **Torsilieri** for us to rule on Appellant's facial challenge without further evidentiary proceedings." (footnote omitted)).[7]

Popovich's claims are on all fours with those presented in **Torsilieri**, **Mickley** and **Torres**.  Popovich filed a timely post-sentence motion challenging the legality and constitutionality of her registration requirement by raising substantially the same claims as were presented in **Torsilieri**, **Mickley** and **Torres**.  **See** Post Sentence Motion, 12/20/18, at 3-6.  The trial court denied the motion without a hearing, citing the presumption of constitutionality that applies to all duly enacted legislation.  **See** Order, 4/16/19; Trial Court Opinion, 7/9/19, at unnumbered 6-7.  However, the

_____

[6] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value.  Pa.R.A.P. 126(b).

[7] We note that the court in **Muhammad** granted the appellant relief on her as-applied constitutional challenge to her Revised Subchapter H registration requirements.  **Commonwealth v. Muhammad**, __ A.3d __, 1455 MDA 2018, at *8 (Pa. Super. Oct. 23, 2020).

*Torsilieri* court held that despite the deference afforded to legislative findings of fact, courts retain the power to examine those findings to ensure that they comport with our Constitution. *Torsilieri*, *supra*, at 583-84. Accordingly, we vacate the portion of the order denying Popovich's post-sentence motion challenging her registration requirements and remand for a hearing at which the parties can present evidence related to these claims. *Torsilieri*, *supra*; *Mickley*, *supra.*

Vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2021