J-S21046-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LOUIS LATORRE | |
| Appellant | No. 1183 EDA 2012 |

Appeal from the PCRA Order March 23, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0100182-2005

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 21, 2015**

Louis Latorre appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, without a hearing.  We affirm.

On August 9, 2004, Philadelphia Police Officer Richard Martinez observed Latorre and two other men sell crack cocaine to several people in front of Latorre's property at 2009 South Sixth Street. When backup officers converged on the men, Latorre attempted to dispose of a bag containing nine packets of crack cocaine by dropping it in the mail slot of the property. Officers recovered $632 in cash from Latorre's person. They then obtained and executed a search warrant on 2009 South Sixth Street.  There, they

_____

[*] Retired Senior Judge assigned to the Superior Court.

recovered five additional packets of crack cocaine that totaled nearly twenty-eight grams.

Latorre was arraigned on January 20, 2006. On February 11, 2009, Latorre litigated a motion to suppress, which the court denied that day. Latorre requested permission to present additional evidence in support of his motion to suppress, which the court permitted him to do. On February 26, 2009, upon reviewing his new evidence, the court again denied his motion to suppress.

Following a bench trial on April 22, 2010, the court found Latorre guilty of possession with intent to deliver ("PWID"),[1] possession of a controlled substance,[2] possession of drug paraphernalia[3] and criminal conspiracy.[4] On October 28, 2010, the court sentenced Latorre to 3-6 years' imprisonment on the PWID conviction and imposed no further penalty on the other convictions. Latorre did not appeal from the judgment of sentence.

On June 30, 2011, Latorre filed a PCRA petition claiming that his trial counsel was ineffective for violating Rule 600 by repeatedly asking for continuances. On February 21, 2012, the court held argument on the PCRA

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S. § 903.

petition. On February 29, 2012, the PCRA court entered a notice of intent to dismiss Latorre's petition without an evidentiary hearing. On March 23, 2012, the court dismissed Latorre's petition. This appeal followed.

On June 24, 2013, the PCRA court filed a Pa.R.A.P. 1925(a) opinion. Subsequently, PCRA counsel filed a request in this Court for remand to obtain the notes of testimony from Latorre's sentencing hearing and then file a Pa.R.A.P. 1925(b) statement. On August 6, 2013, this Court ordered a remand in order for the PCRA court to supplement the record with any omitted notes of testimony and then for PCRA counsel to file a Pa.R.A.P. 1925(b) statement. On April 7, 2014, due to the PCRA court's failure to comply with our August 6, 2013 order, this Court granted Latorre's motion to remand for the PCRA court to comply with our August 6, 2013 order. This Court remanded the case for sixty days, ordered the PCRA court to direct Latorre to file a Pa.R.A.P. 1925(b) statement, and ordered the PCRA court to comply with Pa.R.A.P. 1925(a) after the filing and service of the Pa.R.A.P. 1925(b) statement.

On April 16, 2014, the PCRA court ordered PCRA counsel to file a Pa.R.A.P. 1925(b) statement "within 21 days from the entry of this order or 21 days after the notes of testimony are available, whichever is later." On May 15, 2014, PCRA counsel filed a Pa.R.A.P. 1925(b) statement. It is unclear from the record whether this Pa.R.A.P. 1925(b) statement was timely under the terms of the April 16, 2014 order.

On November 5, 2014, the PCRA court filed a supplemental Pa.R.A.P. 1925(a) opinion. The court attached the notes of testimony from the February 21, 2012 argument as an exhibit to its opinion, and it wrote that the issues in the Pa.R.A.P. 1925(b) statement were "patently frivolous" for the reasons given during the February 21, 2012 argument.

Latorre's Pa.R.A.P. 1925(b) statement might be untimely. It was filed more than 21 days after the PCRA court's April 16, 2014 order; the record is unclear as to whether it was filed within 21 days after the notes of testimony became available. Nevertheless, because the PCRA court's opinion addresses the issues raised in this potentially untimely statement, we will not deem these issues waived. *Commonwealth v. Veon*, -- A.3d --, 2015 WL 500887, *2 (Pa.Super., Feb. 6, 2015) (citing *Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super.2012)) ("where, as here, the trial court has addressed the issues raised in an untimely Rule 1925(b) statement, we … may address the issues on their merits").

Latorre raises two issues in this appeal:

I.   Whether the PCRA Court erred by denying appellant postconviction relief because trial counsel was ineffective because he violated the appellant's constitutional right to a speedy trial pursuant to Pa.R.Crim.P. 600 and the Sixth Amendment of the United States Constitution.

II.  Whether the PCRA Court erred by denying appellant an evidentiary hearing for his PCRA claim of ineffective assistance of counsel because there were material issues in dispute.

- 4 -

Brief For Appellant, p. 3.

Latorre first argues that trial counsel was ineffective for failing to file a motion to dismiss all charges under Pennsylvania's speedy trial rule, Pa.R.Crim.P. 600.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

To prevail on a claim of ineffective assistance of counsel under the PCRA, the petitioner must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa.2001). The failure to satisfy any prong of this test requires rejection of the claim. ***Commonwealth v. Williams***, 863 A.2d 505, 513 (Pa.2004).

Latorre's claim of ineffective assistance lacks arguable merit. He asserts that there was a Rule 600 speedy trial violation because his defense attorney repeatedly requested continuances. That claim is a basis for denying relief under Rule 600, not for granting relief.

Pa.R.Crim.P. 600, Pennsylvania's speedy trial rule, provides in relevant part:

> (**A**) ](3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
>
> ...
>
> (**B**) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*
>
> (**C**) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
>
> (2) any period of time for which the defendant expressly waives Rule 600;
>
> (3) such period of delay at any stage of the proceedings as results from:
>
> (a) the unavailability of the defendant or the defendant's attorney;
>
> (b) any continuance granted at the request of the defendant or the defendant's attorney.

*Id*. There is a three-step process for determining whether there has been a Rule 600 violation. *Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa.Super.2007) (en banc). The first step is determining the mechanical run

date. *Id.* at 1103. The second step is determining the amount of excludable delay, which includes any delay attributable to defendant or his counsel. Pa.R.Crim.P. 600(c)(3)(a); ***Commonwealth v. Matis***, 710 A.2d 12, 16 (Pa.1998); ***Commonwealth v. Dixon***, 907 A.2d 468, 474 (Pa.2006) (any delay attributable to defendant's requests or conduct is excludable from 365-day period in which trial must commence); ***Commonwealth v. Aaron***, 806 A.2d 39, 43 (Pa.Super.2002) (any delay due to continuance attributable to defense constitutes excludable time). The third step is adding excludable time to the mechanical run date to arrive at an adjusted run date. ***Ramos***, 936 A.2d at 1103. A Rule 600 violation occurs if trial does not begin before the adjusted run date. ***Id***.

The record in this case does not demonstrate any Rule 600 violation. There were over twenty listings where the case was delayed due to defense requests for a continuance, time that is excludable under Rule 600. In addition, trial was delayed due to Latorre's own failure to appear at three court listings, and there were at least four listings where trial counsel failed to appear. Delay also resulted from litigation of Latorre's pretrial motion to suppress, which is excludable time under Rule 600. ***Commonwealth v. Cook***, 865 A.2d 869, 875-76 (Pa.Super.2004) (72-day period from filing of motion to its resolution was excludable time). Equally as important, Latorre made no attempt in his PCRA petition to identify delays that were attributable to the Commonwealth under Rule 600; nor did PCRA counsel

attempt to do so during oral argument on February 21, 2012 (or, for that matter, in Latorre's appellate brief). Because many delays in the record are attributable on their face to Latorre or his counsel, and because Latorre fails to present any convincing argument to the contrary, we conclude that Latorre's claim of ineffective assistance lacks arguable merit.

In his second argument, Latorre contends that the PCRA court erred by dismissing his claim without an evidentiary hearing. There is no absolute right to a hearing under the PCRA. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super.2012). The PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact, and further proceedings would serve no purpose. *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super.2008). If the record reflects that the underlying issue is of no arguable merit, no evidentiary hearing is necessary. *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-27 (Pa.2014); *see also Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super.2014) (an evidentiary hearing is not meant to function as fishing expedition for any possible evidence that may support some speculative claim of ineffective assistance of counsel). We review the PCRA court's decision to dismiss a PCRA petition without a hearing for abuse of discretion. *Bauhammers*, *supra*, 92 A.3d at 726-27.

Latorre claims that an evidentiary hearing was necessary to establish what constituted excludable time for purposes of his claim of ineffective

assistance relating to Rule 600. Brief for Appellant, p. 25. Since Latorre failed in his petition and at oral argument below to identify any period of delay attributable to the Commonwealth, the PCRA court acted within its discretion in determining that no hearing was necessary.

Order affirmed.

Judge Platt joins in the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015