J-S34027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA D. MCCRAE | |
| Appellant | No. 630 MDA 2015 |

Appeal from the Judgment of Sentence entered June 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000346-2013

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2016**

Appellant, Joshua D. McCrae, appeals from the judgment of sentence entered on June 30, 2014 in the Court of Common Pleas of Dauphin County following his convictions of criminal use of a communication facility, criminal conspiracy, and promoting prostitution.[1]  Appellant raises an issue relating to Rule 600 and presents challenges to the sufficiency of the evidence and the discretionary aspects of sentencing.  Following review, we affirm.

The trial court summarized the factual background of this case as follows:

> At trial, the evidence showed that the Pennsylvania State Police were conducting a position detail when they set up an encounter with a woman named "Erica[."]  This woman was later identified

---

[1] 18 Pa.C.S.A. §§ 7512(a), 903(c), and 5902(b)(1).

as Katerina Zisimopoulos. Katerina was driven to her encounter by [Appellant] who gave police his number to give to her to contact him. Several months later, Katerina was arrested again for prostitution. Again, the Appellant drove her to the encounter. Further, text message conversations between Katerina and the Appellant and Katerina and unknown numbers indicated that sexual encounters were being set up, she was being paid for them and that she would communicate with Appellant about the sexual encounters, whether she should accept them, how much she should charge[,] etc.

Katerina Zisimopoulos did not testify at trial, nor was she charged with [c]riminal [c]onspiracy.

[The] Deputy Warden for Security at Dauphin County Prison testified in regards to calls made from the prison. Per his testimony, every time a prisoner makes a call, they must enter their 6 digit PIN prior to placing the call. The calls are monitored, recorded and the prisoner is notified that the calls are being monitored and recorded. The prison cannot identify who receives the calls, only the number that the calls were placed to. A CD containing calls from Appellant was entered into evidence at trial. No objection as to authenticity was made.

Trial Court Rule 1925(a) Opinion (T.C.O.), 6/3/15, at 2.

Following trial, a jury found Appellant guilty of crimes identified above. The trial court imposed a sentence totaling 3-1/2 to 7 years in a state correctional institution. Trial counsel withdrew and the court appointed appellate counsel who filed a post-sentence motion on January 8, 2015 after securing reinstatement of Appellant's direct appeal rights on December 29, 2014. In his post-sentence motion, Appellant sought modification of his sentence and argued the verdict was against the weight of the evidence. The trial court denied his post-sentence motion on March 13, 2015. This

timely appeal followed. Both the trial court and counsel complied with Pa.R.A.P. 1925.

In his brief on appeal, Appellant restates verbatim the five issues he raised in his Rule 1925(b) statement.[2]

1. Whether the trial court erred in denying Appellant's Rule 600 motion for nominal bail?

2. Whether the evidence presented at trial was insufficient to convict Appellant of the crime of Criminal Use of a Communication Facility and Criminal Conspiracy when the alleged codefendant was not charged with Criminal Conspiracy and was not called to testify against Appellant?

3. Was trial counsel ineffective for (a) failing to object to the admission and use of telephone conversations allegedly involving Appellant without verifying their authenticity and (b) failing to move for a mistrial?

4. Was counsel ineffective in failing to raise a **Batson**[3] challenge during and after jury selection?

5. Whether the imposition of an aggregate sentence of three and one-half to seven years['] incarceration was excessive given the circumstances of Appellant, Joshua McCrae?

Appellant's Brief at 4.

At the outset, we note we shall not consider Appellant's third and fourth issues, both of which raise ineffectiveness of counsel challenges.

---

[2] We remind Appellant's counsel of the Rule 2111 requirement to append a copy of the Rule 1925(b) statement of errors complained of appeal to an appellant's brief. Pa.R.A.P. 2111(a)(11) and (d).

[3] **Batson v. Kentucky**, 476 U.S. 79 (1986).

Ineffectiveness claims are properly raised in collateral proceedings rather than on direct appeal. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Appellant concedes this fact. ***See*** Appellant's Brief at 14-15.

In his first issue, Appellant argues the trial court erred by denying his motion for nominal bail pursuant to Pa.R.Crim.P. 600. As an issue involving a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Dixon***, 907 A.2d 468, 472 (Pa. 2006).

The Commonwealth contends the Rule 600 issue is moot because Appellant is no longer serving pre-trial incarceration and he received credit for time served upon sentencing. Commonwealth's Brief, at 10. We agree.[4] However, even if the issue were not moot, Appellant would not be entitled to relief.

Rule 600 requires that a defendant be afforded a prompt trial. The provisions of the rule in effect at all times relevant to this case direct that:

> No defendant shall be held in pretrial incarceration in a given case for a period exceeding 180 days excluding time described in paragraph (C) above (relating to exclusions from calculation of period for commencement of trial). Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

---

[4] Our Supreme Court found this same issue moot in ***Dixon*** but considered it as an exception recognized in instances "when a case is capable of repetition yet evading review." ***Id.*** at 472 (citation omitted). Ultimately, the Court determined that only those delays caused by the defendant would expand the 180-day pretrial incarceration period based on the language of the rule.

Pa.R.Crim.P. 600(E).[5]   Rule 600(C) provided, in relevant part, that "[i]n determining the period for commencement of trial, there shall be excluded therefrom . . . such period of delay at any stage of the proceedings as results from . . . any continuance granted at the request of the defendant or the defendant's attorney." Pa.R.Crim.P. 600(C)(3)(b).

Here, the complaint was filed on October 17, 2012.  Appellant filed his motion for nominal bail 203 days later, on May 8, 2013.  However, the record reflects that Appellant's counsel filed a motion for continuance that the trial court granted on March 12, 2013, continuing the case until May 21, 2013.  Scheduling Order, 3/12/13.  The order is signed not only by the trial judge but also by Appellant's counsel and reflects that the continuance was granted on Appellant's motion and that "Rule 600 [is] waived[.]" *Id.*  As such, the period following the grant of the continuance is excluded from the computation of the days of his pretrial incarceration, resulting in a period of pretrial incarceration well short of the 180-day period provided in Rule 600(E).

---

[5] Prior Rule 600 was rescinded and replaced with the current version in 2012, effective July 1, 2013.  The 2013 version of the rule reorganized and clarified the provisions of the rule and incorporated the elements of the prior rule, including the 180-day time limits on pretrial incarceration.  Our references to Rule 600 in this Memorandum relate to the version in effect prior to July 1, 2013.

Appellant argues he "did not agree to several of the continuances" in this case and, therefore, the trial court erred in denying his motion for nominal bail. Appellant's Brief at 10. Appellant fails to appreciate the fact that Rule 600(C)(b)(3) excluded any delays resulting from a continuance made by his counsel. The scheduling order clearly reflects that Appellant's counsel requested the continuance. Appellant's first issue fails.

In his second issue, Appellant asserts that the evidence was insufficient to support his conviction of criminal use of a communication facility and his conviction of criminal conspiracy because Katerina Zisimopoulos was not charged with conspiracy and was not called to testify against Appellant.[6] We employ the following standard of review for a sufficiency of evidence challenge:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.

---

[6] In the Argument section of his brief, Appellant also suggests the evidence was insufficient to support his conviction for promoting prostitution. Because Appellant did not raise the issue in his Rule 1925(b) statement, he has waived that issue on appeal. **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (quoting *Commonwealth v. Rahman*, 75 A.3d 497, 500-501 (Pa. Super. 2013)).

Addressing Appellant's conviction of criminal use of a communication facility, we note that the crime is defined in relevant part as follows:

A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title []. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512(a) (footnote omitted). A "communication facility" includes a telephone. 18 Pa.C.S.A. § 7512(c).

As the trial court recognized:

It is clear from the testimony that Appellant used his cell phone. It is also clear [from] the testimony that he used it to instruct Ms. Zisimopoulos on the proposed sexual encounters with various men, whether she should accept them, how much she should charge[,] etc. There was sufficient evidence for the jury to convict him of said crime.

T.C.O., 6/3/15, at 4. We agree. Viewing the testimony and evidence in light most favorable to the Commonwealth, the evidence was sufficient to support Appellant's conviction of criminal use of a communication facility.

- 7 -

With respect to his conviction for conspiracy, we note that:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he . . . agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 Pa.C.S.A. § 903(a)(1).  As this Court has explained:

> To prove criminal conspiracy, the Commonwealth must show a defendant entered into an agreement to commit or aid in an unlawful act with another person; that he and that person acted with a shared criminal intent; and that an overt act was taken in furtherance of the conspiracy.  18 Pa.C.S.A. § 903.  "An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities."  ***Commonwealth v. Johnson***, 719 A.2d 778, 785 (Pa. Super. 1998) (*en banc*), *appeal denied,* 559 Pa. 689, 739 A.2d 1056 (1999) (citations omitted).  Therefore, where the conduct of the parties indicates that they were acting in concert with a corrupt purpose in view, the existence of a criminal conspiracy may properly be inferred.  ***Commonwealth v. Snyder***, 335 Pa. Super. 19, 483 A.2d 933, 942 (Pa. Super. 1984).

***Commonwealth v. Kinard***, 95 A.3d 279, 293 (Pa. Super. 2014).

Although Appellant is correct in asserting that Ms. Zisimopoulos was not charged with conspiracy, he fails to appreciate that she was identified as a co-conspirator in the criminal information.  As the trial court observed:

> Proof of the agreement can be found in the circumstances. Appellant was in contact with Ms. Zisimopoulos.  He instructed her on whether to accept clients or not.  He instructed her on prices to charge.  Clearly from the circumstances, an agreement to commit and promote prostitution can be inferred.
>
> . . . .

> In the present case, an agreement can be inferred based on the circumstances. Ms. Zisimopoulos's phone conversations may be admitted under [the co-conspirator exception to the hearsay rule] as they were made in furtherance of the conspiracy. Whether she is on trial or not is irrelevant.

T.C.O., 3/6/15, at 5 (citing **Commonwealth v. Basile**, 458 A.2d 587, 590 (Pa. Super. 1983)).

We agree with the trial court that the evidence, including circumstantial evidence, was sufficient to support both his communication facility and conspiracy convictions. Therefore, Appellant's second issue fails for lack of merit.[7]

In his final issue, Appellant contends his aggregate sentence of 3-1/2 to 7 years in prison is excessive given Appellant's circumstances. As this Court recently reiterated:

> Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

_____

[7] To the extent Appellant argues trial counsel was ineffective for failing to object to hearsay testimony under the co-conspirator exception, we decline to address the issue. **See Grant, supra.**

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citations omitted).

Our review reveals that Appellant filed a timely notice of appeal, preserved the issue in his post-sentence motion, and included the requisite Rule 2119(f) statement in his brief. We also find that his claims of excessiveness and failure to consider rehabilitative needs present a substantial question warranting review. *See, e.g., Caldwell*, 117 A.2d at 768-70.

"When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion." *Id.* at 770. We will not disturb the sentence "absent a manifest abuse of discretion." *Id.* "[T]he appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citations omitted).

Despite presenting a sentencing question warranting review, Appellant has waived this issue on appeal for failure to cite any pertinent authority in developing his argument. *See Commonwealth v. Figueroa*, 859 A.2d 793, 800 (Pa. Super. 2004). However, even if not waived, we would find that Appellant's claims lack merit.

As the trial court explained:

[Appellant] was sentenced within the standard range on each count; we did not ignore or misapply the law. Pursuant to our discretion in sentencing, these were set to run consecutive to each other and he was not permitted to be sent to New York on his detainer there. A pre-sentence investigation was made part of the record at the sentencing hearing. That investigation reveals an extensive criminal history dating back to 2000 which includes drug sales, false identifications to law enforcement, receiving stolen property and the list goes on. [Appellant] has several parole violations from New York and was in fact on parole supervision with New York at the time of his offense here. He had a fugitive warrant out on him at the time for his parole violation.

It is not manifestly unreasonable that we should determine that a lengthy confinement is in the best interest of the public safety as [Appellant] has proven through his criminal history that he cannot refrain from criminal activity.

Order and Opinion Denying Post-Sentence Motion, 3/13/15, at 2-3.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016