J. S10022/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:       PENNSYLVANIA
:
v.              :
:
:
:
THOMAS O'DONNELL,         :
:
Appellant      :   No. 2261 EDA 2016

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0005158-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:         **FILED MARCH 07, 2017**

Appellant, Thomas O'Donnell, appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas following his jury trial convictions of Corruption of a Minor, Indecent Assault of a Child under 13 years old, and Endangering the Welfare of a Child.[1] We affirm.

The trial court stated the relevant facts in its Pa.R.A.P. 1925(a) Opinion as follows:

> In February of 2015, the then 9-year–old female victim, S.O., and her sister slept over their grandmother's house as they did most weekends up to that point in time. During the weekend of February 7th, S.O.'s uncle, [Appellant], was also staying over. S.O. and her sister set up sleeping areas in the living room because they wanted to sleep in the same room as [Appellant] who they referred to as Uncle Tommy. At trial, S.O. explained

---

[1] 18 Pa.C.S. § 6301; 18 Pa.C.S. § 3126(a)(7); and 18 Pa.C.S. § 4304, respectively.

that after watching some TV, she wanted to lay with [Appellant]. She testified that she fell asleep and she awoke to her Uncle Tommy touching her buttocks under her nightgown with his hand, then he moved to her breast. [Appellant] continued to touch S.O. in the vaginal area, rubbing her over her underwear. S.O. felt disgusted and that he had crossed a line and went over to the couch to get away from her uncle.

S.O. also testified that after she moved to the couch, her Uncle Tommy tossed her his phone [] with a note on it, which said, "It's our secret. I thought you wanted to learn. I'm sorry." S.O. deleted the note, gave his phone back to him[,] and wrote a note back on her tablet. She wrote, "I don't want to talk to you until I figure this out." She deleted her note from her tablet.

The following day, S.O. told her sister that something happened the previous night, although she did not tell her what had happened. S.O. did not tell her grandmother, but rather, waited until she got home to tell her mother and father.

Trial Court Opinion, 9/27/16, at 1-2 (citations omitted).

After Appellant's arrest, the court set bail at $200,000. Prior to trial, Appellant filed a Pa.R.Crim.P. 600(D)(2) Motion for nominal bail, which the trial court eventually denied.

Also prior to trial, the Commonwealth filed a Motion to admit Appellant's prior Robbery and Theft convictions. The parties agreed that the Theft conviction would be admissible at trial if Appellant testified, but disagreed about the admissibility of the 14-year-old Robbery conviction because it fell outside the 10-year period delineated in Pa.R.E. 609(b). The trial court stated both convictions would be admitted if Appellant testified at trial.

The day of his jury trial, Appellant requested a continuance for more time to conduct additional investigation. The trial court denied Appellant's belated request and proceeded to trial. At trial, the minor victim testified. Appellant did not testify.

The trial court instructed the jury about the tender years exception to the hearsay rule. Appellant did not object to the jury instruction about the tender years doctrine.

On January 20, 2016, the jury convicted Appellant of the above charges.[2] On June 30, 2016, the trial court imposed an aggregate term of 11½ to 23 months' incarceration, followed by a consecutive term of 3 years' probation.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the trial court erred by failing to adequately define the word "consider" when instructing the jury on the "tender years doctrine" and its application to the case?

2. Whether the trial court erred by holding that the Appellant's fourteen (14) year old conviction for robbery would be admissible as a *crimen falsi* offense if the Appellant exercised his constitutional right to testify in his own defense?

3. Whether the trial court erred by failing to grant the Appellant's request for a trial continuance? (Counsel will address this issue pursuant to ***Anders v. California***, 386 U.S. 738

---

[2] The trial court also convicted Appellant of two counts of Harassment following a bench trial.

(1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009))

4. Whether the trial court erred by failing to grant the Appellant's Motion for Nominal Bail pursuant to Pennsylvania Rule of Criminal Procedure 600(d)(2)? (Counsel will address this issue pursuant to ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009))

Appellant's Brief at 6.

In his first issue, Appellant avers that the trial court's tender years jury instruction was ambiguous because the "word 'consider' was not adequately defined, or placed into context by the trial court[.]" Appellant's Brief at 11. Appellant argues that "[w]hen the trial court instructed the jury using the word 'consider' without any additional clarification, a juror could reasonably have interpreted the plain language of [the] word to be a mandate from the trial court that the tender years doctrine evidence must be believed as a matter of law." Appellant's Brief at 13.

Prior to addressing Appellant's challenge to the jury instruction, we must first ascertain whether this issue was preserved for appellate review. It is axiomatic that an issue may not be raised for the first time on appeal. Pa.R.A.P. 302(a).

With respect to jury instructions, Pennsylvania Rule of Criminal Procedure 647 provides, in relevant part, as follows:

(B) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties

> on the record of the judge's rulings on all written requests and which instructions shall be submitted to the jury in writing. The trial judge shall charge the jury after the arguments are completed.
>
> (C) No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

Pa.R.Crim.P. 647(B)-(C).

Our Supreme Court has opined that the rules require a party to lodge a specific objection to the charge or an exception to the trial court ruling in order to preserve the issue for appeal. **Commonwealth v. Pressley**, 887 A.2d 220, 224 (Pa. 2005). This requirement "afford[s] the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue." **Id**. (citation omitted).

Instantly, the trial court correctly noted "that there was never an objection at trial to this [c]ourt's jury instructions; therefore, this issue is waived." Trial Court Opinion at 4. In fact, Appellant "concedes that trial counsel failed to object to the jury instruction so the issue is waived pursuant to Pa.R.Crim.P. 647(B)." Appellant's Brief at 12. We agree: Appellant has waived this issue. **See** Pa.R.Crim.P. 647; **Pressley**, **supra** at 224.

Next, Appellant challenges the trial court's ruling that his 14-year-old *crimen falsi* conviction for Robbery would be admissible if Appellant testified at trial. Appellant's Brief at 13-16.

The following standard governs our review of the admissibility of evidence:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Schoff*, 911 A.2d 147, 154 (Pa. Super. 2006) (citation omitted).

The admission of *crimen falsi* evidence is governed by Pennsylvania Rule of Evidence 609, which states:

> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it,

whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a), (b).

This Court has explained that, in weighing the probative value versus prejudicial impact of *crimen falsi* convictions older than 10 years, the trial court should consider:

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

**Commonwealth v. Palo**, 24 A.3d 1050, 1056 (Pa. Super. 2011) (citations and quotation omitted).

In addressing Appellant's claim on appeal regarding his *crimen falsi* conviction, the Honorable William R. Carpenter, who presided over the jury trial, authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law. After a careful review of the parties'

arguments and the record, we affirm on the basis of the trial court's Opinion. *See* Trial Court Opinion at 5-8 (concluding that the evidence of Appellant's prior Robbery conviction was more probative than prejudicial and, thus, it was admissible pursuant to Pa.R.E. 609).

Appellant's counsel identified two additional issues in Appellant's Brief: (1) the trial court improperly denied his request for a continuance; and (2) the trial court improperly denied his Motion for nominal bail. Counsel purported to address these issues pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that Appellant desired to raise these issues. Counsel provided minimal facts and citation to legal authority before concluding that they are meritless. For the reasons *infra*, we agree.

"Appellate review of the trial court's decisions on continuance motions rests on an abuse of discretion standard." *Commonwealth v. Bozic*, 997 A.2d 1211, 1225 (Pa. Super. 2010) (citation omitted). "The refusal to grant a continuance constitutes reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated." *Id*.

When reviewing a trial court's refusal to grant a request for a continuance in order to procure a witness, we must consider the following factors:

> (1) the necessity of the witness to strengthen the defendant's case;
> (2) the essentiality of the witness to the defendant's defense;
> (3) the diligence exercised to procure his or her presence at trial;
> (4) the facts to which he or she could testify; and

(5) the likelihood that he or she could be produced at court if a continuance were granted.

*Id*.

The trial court addressed this issue as follows:

In this case, [Appellant] made this request for a continuance immediately prior to the commencement of trial. It was untimely and violated Rule 106(D) as it was not made more than 48 hours before the time that his trial was set for. In addition, he knew the identity of the proposed reputation witnesses, one being his son. He offered no explanation as to why he waited until the moments before trial to make a continuance request. Accordingly, this [c]ourt [] properly denied Appellant's continuance request.

Trial Court Opinion at 10. We agree with the trial court's assessment and discern no abuse of discretion. This issue is without merit.

Lastly, Appellant contends the trial court erred in denying his Petition for nominal bail pursuant to Pa.R.Crim.P. 600(D)(2).

Rule 600 provides that "no defendant shall be held in pretrial incarceration in excess of (1) 180 days from the date on which the complaint is filed…" Pa.R.Crim.P. 600(B)(1). "[P]eriods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation." Pa.R.Crim.P. 600(C)(2).

The trial court addressed this issue as follows:

On December 29, 2015, 21 days prior to trial, [Appellant] filed a petition for nominal bail pursuant to Rule 600. The Commonwealth filed a response. It was argued on the morning of trial, January 19, 2016. Defense counsel argued that [Appellant] had been placed in custody on May 21, 2015 and

that from that date to the present date, he has been in custody for 243 days, with 37 days subtracted out for a defense continuance, puts him at 206 days, which is above the 180-day nominal bail rule.

In response, the Commonwealth argued that from the date the initial complaint was filed to the present date, 298 days had elapsed and that any delay that occurred in this case is attributable to [Appellant]. The Commonwealth explained that 86 days should be subtracted out because he fled to the state of Oregon; 37 days should be subtracted out due to a defense request for a relist. According to the Commonwealth that puts [Appellant] at 175, which is within the rule.

At that time, this [c]ourt took the matter under advisement. The motion was later denied.

* * *

In this case, by the time the petition was heard on January 19, 2016, the issue was moot since trial was to commence imminently, within minutes of this pretrial motion. In addition, even if it was not moot at the time it was heard, it is now moot on appeal because [Appellant] has been convicted and is incarcerated.

Trial Court Opinion at 11 (citations omitted). We agree with the trial court's conclusion that Appellant's claim is moot because Appellant has been convicted and is incarcerated. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1006 (Pa. Super. 2014).

In light of the foregoing, we affirm Appellant's Judgment of Sentence.

The parties are instructed to attach a copy of the trial court's September 27, 2016 Opinion to all future filings.

Judgment of Sentence affirmed.

J. S10022/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :       CP-46-CR-0005158-2015

        V.

THOMAS M. O'DONNELL           :       2261 EDA 2016

## OPINION

CARPENTER  J.                                SEPTEMBER 27, 2016

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Thomas M. O'Donnell ("O'Donnell"), appeals from his judgment of sentence imposed on June 30, 2016, following his conviction of corruption of minors[1], indecent assault on a person less than 13 years of age[2] and endangering the welfare of a child[3] at a two-day jury trial. In addition, O'Donnell was found guilty by this Court of two counts of harassment[4], a summary offense. O'Donnell was convicted for his improper touching of his then 9-year-old niece.

In February of 2015, the then 9-year-old female victim, S.O., and her sister slept over their grandmother's house as they did most weekends up to that point in time. (Trial by Jury, V. 1, 1/19/16 pp. 21, 27, 50). During the

---

[1]     18 Pa.C.S.A. §6301(a)(1)(i);

[2]     18 Pa.C.S.A. §3126(a)(7);

[3]     18 Pa.C.S.A. §4304(a)(1);

[4]     18 Pa.C.S.A. §§2709(a)(1),(3).

weekend of February 7th, S.O.'s uncle, O'Donnell, was also staying over. Id. at 28 – 29. S.O. and her sister set up sleeping areas in the living room because they wanted to sleep in the same room as O'Donnell who they referred to as Uncle Tommy. Id. at 29. At trial, S.O. explained that after watching some TV, she wanted to lay with O'Donnell. Id. at 32. She testified that she fell asleep and she awoke to her Uncle Tommy touching her buttocks under her nightgown with his hand, then he moved to her breast. Id. at 32 – 34. O'Donnell continued to touch S.O. in the vaginal area, rubbing her over her underwear. Id. at 34 – 35. S.O. felt disgusted and that he had crossed a line and went over to the couch to get away from her uncle. Id. at 35.

S.O. also testified that after she moved to the couch, her Uncle Tommy tossed her his phone to her with a note on it, which said, "It's our secret. I thought you wanted to learn. I'm sorry." Id. at 36. S.O. deleted the note, gave his phone back to him and wrote a note back on her tablet. Id. She wrote, "I don't want to talk to you until I figure this out." Id. She deleted her note from her tablet. Id. at 37.

The following day, S.O. told her sister that something happened the previous night, although she did not tell her what had happened. Id. at 38. S.O. did not tell her grandmother, but rather, waited until she got home to tell her mother and father. Id. at 39, 51, 72.

<u>ISSUES</u>

I.    <u>Whether this Court gave proper jury instructions concerning the tender years doctrine.</u>

2

II.    Whether this Court properly ruled that O'Donnell's robbery conviction would be admissible if he testified, when the probative value outweighed its prejudice.

III.    Whether this Court properly denied O'Donnell's untimely continuance request.

IV.    Whether this Court properly denied O'Donnell nominal bail prior to trial.

DISCUSSION

I.    This Court gave proper jury instructions concerning the tender years doctrine.

First, on appeal O'Donnell contends that this Court erred by failing to describe the meaning of "consider" when instructing the jury concerning the tender years doctrine. O'Donnell asserts that the lack of explanation could have misled the jury into believing that a statement made by a child and admissible under this evidentiary rule must be accepted as true.

After S.O.'s mother, Elizabeth O'Donnell, testified at trial, this Court instructed the jury on the tender years doctrine as follows:

> Members of the jury, there is a general rule which really says that normally you are not entitled to hear and consider out-of-court statements of a witness. It's called hearsay frequently.
>
> There are exceptions to that. Once example would be if a witness made an inconsistent statement on a prior occasion, you get to consider that, but only as an element for judging credibility.
>
> There is another exception, though, and that deals with children under 12 years or younger. The criminal law recognizes that children are different than adults, and this exception is called loosely the Tender Years Doctrine. **This allows you to consider** the statements of the alleged victim here as proof of the truth of anything that she said earlier in an earlier statement,

3

but only if she was 12 years or younger at the time of making the statement. There is no requirement that the earlier statement be given under oath, at a formal proceeding, or that the statement had been reduced to writing, signed and adopted by a witness, or that the statement is a contemporaneous or verbatim recording of the witness' statement.

So, in short, if the witness was 12 or younger and is the alleged victim of a crime like the crime we are on trial for, **you may consider** that prior out-of-court statement for the truth of the matter asserted in the statement.

Id. at 56 – 57.

Additionally, this Court during the charge of the jury gave the following instruction:

An exception to the general rule is the testimony of a child under the age of 12, as I told you previously. The Tender Years Doctrine **allows you to consider** the statements of the alleged victim here as evidence of the proof of the truth of anything that the witness said in that earlier statement, but only the event the witness was 12 years old or younger at the time of the making of the statement.

(Trial by Jury, V. 2, 1/20/16 p. 39).

Initially, this Court notes that there was never an objection at trial to this Court's jury instructions; therefore, this issue is waived. It is well-settled that to preserve a challenge to a particular jury instruction, a defendant must make a specific and timely objection, and his failure to do so results in waiver. See, Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). As O'Donnell did not object at trial to the language he complains of on appeal, this issue is waived..

4

Even if this issue was not waived, it lacks merit. There is nothing ambiguous about the word "consider." The Merriam-Webster dictionary defines this term as, "to think about (something or someone) carefully especially in order to make a choice or decision." Additionally, the words surrounding the word "consider" in the jury instructions, "allows" and "you may" indicate that that it is to be thought about. It is up to the jury to decide. It is not a directive.

II.  **This Court properly ruled that O'Donnell's robbery conviction would be admissible if he testified, when the probative value outweighed its prejudice.**

Next, on appeal, O'Donnell argues that this Court erred in holding that his robbery conviction would be admissible if he testified at trial. O'Donnell argues that the probative value of the admission of the conviction would have be outweighed by the prejudice of its admission.

On January 19, 2016, the Commonwealth filed a motion to admit prior crimen falsi convictions. These included a theft conviction, which fell within the ten-year period set forth in Pa.R.E. 609(b), and a robbery conviction, which fell outside the ten-year period, with his last period of incarceration having been in 2002.

The defense and the Commonwealth both agreed that the theft conviction would be admissible. Id. at 5. Therefore, at issue was the robbery conviction as it fell outside the 10-year period. In its motion and before this Court prior to the commencement of trial, the Commonwealth argued that the evidence of the robbery conviction should be admitted because its probative value substantially outweighed any prejudicial effect. The Commonwealth

5

emphasized that credibility would be a key issue in this case and that its case relies heavily on the testimony and credibility of the victim, S.O. The Commonwealth anticipated that the defense would call witnesses to testify regarding S.O.'s reputation for truthfulness, and argued that because of the nature of the charges, it would be limited in its ability to attack O'Donnell's credibility by other means because there were no other witnesses to the crimes. (Commonwealth's Motion to Admit Prior Crimen Falsi Convictions 1/19/16; Trial by Jury 1/19/16 pp. 6 – 7)..

In response the defense argued that the admission of the robbery conviction would be highly prejudicial, and that the jury might convict based upon that alone. Id. at 7. This Court took the matter under advisement.

The impeachment by evidence of a criminal conviction is governed by Pa.R.E. 609, which reads in relevant part, as follows:

> (a) In General. For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a), (b).

In making this determination, the following factors should be considered:

> 1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

Commonwealth v. Palo, 24 A.3d 1050, 1056 (Pa.Super. 2011) (citing Commonwealth v. Randall, 515 Pa. 410, 413, 528 A.2d 1326, 1328 (1987)).

In granting the Commonwealth's motion at the start of the second day of trial, allowing the admission of O'Donnell's robbery conviction if O'Donnell were to testify at trial, this Court explained its reasons on the record as follows:

> By my calculations, the conviction is four years past the ten years. Here, the probative value, in my view, substantially outweighs the prejudicial effect.
>
> We have by agreement the fact that the theft is coming in, should the defendant testify, as that was well within the tern years. Notice was given, proper notice was given here.

7

The robbery certainly is a crime of crimen falsi. It reflects heavily upon the defendant's veracity. With the theft already admissible, the robbery does not have a tendency to smear the character of the defendant; however, it gives the jury a much clearer picture of his veracity, should he testify.

The age and circumstances of this defendant are not remarkable.

The prosecution's case is rather weak; a classic oath-to-oath, pitting a young child against a mature worldly adult, in the event the defendant testifies.

The prosecution needs this evidence, in my opinion, to have a reasonable chance at a fair trial. The only people available to testify about the critical events are the defendant and the victim. The defense will be attacking the victim with character evidence, a bad reputation for telling the truth. The defense also attacked the child on cross-examination. The only ability the Commonwealth has to attack the defendant's credibility would be with cross-examination if this evidence is not admitted.

The trial is a truth-seeking process and the truth about this defendant should be evaluated by the jury, should the defendant testify.

I certainly will give the appropriate cautionary instruction to the jury on how to use this evidence.

(Trial by Jury, V. 2, 1/20/16 pp. 3 – 5).

This Court considered the proper factors in deciding to permit the robbery conviction should O'Donnell have chosen to testify. Any prejudice was greatly outweighed by the probative value of the conviction. Therefore, the Commonwealth motion was granted.

III.   This Court properly denied O'Donnell's untimely continuance request.

8

O'Donnell's third issue on appeal contends that this Court erred in failing to grant the continuance of trial request.[5]

At O'Donnell's request, trial counsel made a continuance request immediately prior to the commencement of his trial on January 19, 2016. (Trial by Jury, V. 1, p. 8). Counsel made this request so that additional investigation could be made into rebuttal witnesses and reputation witnesses. Id. He specifically identified O'Donnell's son, Jordan O'Donnell, who lives in Oregon and another reputation witness who was not identified. Id. This Court denied the request as untimely, noting that this case had been scheduled for quite some time and that it would not be continued at such a late date. Id.

The standard of review that our Superior Court applies is as follows:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of the record[.]

Commonwealth v. Antidormi, 84 A.3d 736, 745 (Pa.Super. 2014) (citations and quotation marks omitted).

The Pennsylvania Rules of Criminal Procedure, Rule 106(D) provides, "A motion for continuance on behalf of the defendant shall be made

---

[5] In O'Donnell's Concise Statement of Errors Complained of on Appeal, appellate counsel notes that he will submit an Anders brief as to this issue, but that it was raised so that it would be preserved.

9

not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it." Pa.R.Crim.P. 106(D).

Additionally, a trial court must consider the following factors in rendering its decision to grant or deny a request for a continuance in order to procure a witness:

> (1) the necessity of the witness to strengthen the defendant's case;
> (2) the essentiality of the witness to the defendant's defense;
> (3) the diligence exercised to procure his or her presence at trial;
> (4) the facts to which he or she could testify; and
> (5) the likelihood that he or she could be produced at court if a continuance were granted.

Commonwealth v. Bozic, 997 A.2d 1211, 1225 (Pa.Super. 2010).

In this case, O'Donnell made this request for a continuance immediately prior to the commencement of trial. It was untimely and violated Rule 106(D) as it was not made more than 48 hours before the time that his trial was set for. In addition, he knew the identity of the proposed reputation witnesses, one being his son. He offered no explanation as to why he waited until the moments before trial to make a continuance request. Accordingly, this Court did not properly denied O'Donnell's continuance request.

10

## IV. This Court properly denied O'Donnell nominal bail prior to trial.

Lastly, O'Donnell contends that this Court erred in failing to grant him nominal bail prior to trial.[6]

On December 29, 2015, 21 days prior to trial, O'Donnell filed a petition for nominal bail pursuant to Rule 600. The Commonwealth filed a response. It was argued on the morning of trial, January 19, 2016. Defense counsel argued that O'Donnell had been placed in custody on May 21, 2015 and that from that date to the present date, he has been in custody for 243 days, with 37days subtracted out for a defense continuance, puts him at 206 days, which is above the 180-day nominal bail rule. (Trial by Jury, V. 1, 1/19/16 pp. 3 – 4).

In response, the Commonwealth argued that from the date the initial complaint was filed to the present date, 298 days had elapsed and that any delay that occurred in this case is attributable to O'Donnell. The Commonwealth explained that 86 days should be subtracted out because he fled to the state of Oregon; 37 days should also be subtracted out due to a defense request for a relist. According to the Commonwealth that puts O'Donnell at 175, which is within the rule. Id. at 4.

At that time, this Court took the matter under advisement. Id. The motion was later denied.

---

[6]     Appellate counsel states in the Concise Statement that he will also submit and Anders brief as to this issue, but that it was raised so that it would be preserved.

11

As an issue involving a question of law, the standard of review is *de novo* and the scope of review is plenary. Commonwealth v. Dixon, 907 A.2d 468, 472 (Pa. 2006).

O'Donnell's request for nominal bail is governed by Pa.R.Crim.P. 600. The Rule provides in pertinent part, as follows: "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of ... 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(B)(1). In calculating the length of any pretrial incarceration, "only periods of delay caused by the defendant shall be excluded from the computation" and any other periods of delay shall be included." Pa.R.Crim.P. 600(C)(2).

> The Rule provides the following procedure:
>
> [e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2).

In this case, by the time the petition was heard on January 19, 2016, the issue was moot since trial was to commence imminently, within minutes of this pretrial motion. In addition, even if it was not moot at the time

12

it was heard, it is now moot on appeal because O'Donnell has been convicted and is incarcerated. See, Commonwealth v. Samuel, 102 A.3d 1001, 1006 (Pa.Super. 2014).

## CONCLUSION

Based on the forgoing analysis, the judgment of sentence imposed on June 30, 2016, should be affirmed.

BY THE COURT:

WILLIAM R. CARPENTER    J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

**Copies sent on September 27, 2016**
**By Interoffice Mail to:**
Court Administration

**By First Class Mail to:**
Thomas C. Egan, Esquire

13